■ FABERGE, INCORPORATED. Respondent. v. FISHER-SIXTH AVENUE COMPANY et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered on June 28, 1972, denying defendants-appellants' motions for summary judgment and related relief, unanimously modified, on the law, to the extent of dismissing the first and fifth causes of action insofar as they are asserted against defendants Data Construction Corporation and Fibro Construction Corporation and the second cause of action in its entirety, and otherwise affirmed, without costs and without disbursements. Defendants Data and Fibro were not parties to the subject lease or to the work letter annexed thereto and, hence, the first and fifth causes of action, which are based thereon, fail to state any cause of action against them. On this record, claims of breach of contract run exclusively against defendants-landlords, Fisher and Hawaiian. These allegations of breach of contract, which form the entire basis for plaintiff's second cause of action, do not entitle plaintiff to separate equitable relief in the nature of an accounting. Concur — McGivern, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.

■ HILLMAN HOUSING CORPORATION, Appellant, v. FRED KRUPNIK, Respondent.—Order, Supreme Court, New York County, entered on May 10, 1972, denying plaintiff's motion for summary judgment, reversed, on the law, without costs and without disbursements, and the motion is granted in favor of plaintiff. Although there is a superficial discrepancy between the complaint and the submission, the latter is complete, and we are enjoined to dispose of matters as the parties submit them, without the further circumlocution of unnecessary pleadings. (See CPLR 104, 3206; *Albemarle Theatre* v. *Bayberry Realty Corp.*, 27 A D 2d 172; *Kelly* v. *Bank of Buffalo*, 32 A D 2d 875; *H. M. Brown, Inc.* v. *Price*, 38 A D 2d 680; *Kovarsky* v. *Housing & Development Administration of City of N. Y.*, 31 N Y 2d 184.) Particularly is this so on this submission, because one result is inevitable: a granting of the motion, because this court, and the Court of Appeals, have made it manifest that a landlord can legally enforce a lease providing for the prohibition of dogs, as a matter of law. And this defendant has maintained a dog on the premises for over six years, or long past the time he signed a lease which forbade such harboring; and injunctive relief is available. The landlord does not seek to oust. the defendant. Only the canine. To accomplish this no additional amendment of the pleadings is necessary. (*East Riv. Housing Corp.* v. *Matonis*, 34 A D 2d 937, affd. 27 N Y 2d 931; *Riverbay Corp.* v. *Klinghoffer*, 34 A D 2d 630.) Further, in our view the claim of ambiguity and disparity is insupportable. The defendant signed one lease, to wit, Exhibit C. And that said: "FOURTEENTH.—No dogs or other animals shall be kept or harbored in the demised premises, unless the same in each instance be expressly permitted in writing by the Lessor." And the reply affidavit makes it clear, and it is not denied, the occupancy agreement and the lease are one and the same. Concur—Stevens, P. J., McGivern, Markewich and Tilzer, JJ.; Kupferman, J., dissents and votes to affirm.