BRENT KAUFMAN, Respondent, v. McCORMACK MOTOR SALES, INC., Appellant.— In an action for money had and received, defendant appeals from an order of the Supreme Court, Westchester County, dated June 12, 1972, which granted plaintiff's motion for summary judgment. Order reversed, without costs, and motion denied. The sum of $2,200 was paid by plaintiff to defendant for the purchase of an automobile. Defendant refused to deliver the vehicle or return the money, claiming that it was the victim of fraud perpetrated by one of its salesmen. In our opinion, a trial should be had on all the issues presented (*Bernstein* v. *McCormack Motor Sales*, 40 A D 2d 692). Munder, Acting P. J., Martuscello, Gulotta, Christ and Benjamin, JJ., concur.

LOUIS LIGATOR, Appellant, v. CHARLOTTE LIGATOR, Respondent. (Action No. 1.) (And Two Other Actions.) — In consolidated actions, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 9, 1972, which, after a nonjury trial, *inter alia* granted respondent a separation, except that appellant's brief appears to exclude from the appeal so much of the judgment as (1) dismissed respondent's causes for divorce; (2) granted respondent custody of the parties' infant children, subject to visitation by appellant; (3) denied respondent a counsel fee for Action No. 3 herein and for any proceeding in the Family Court; and (4) denied respondent's motion to punish appellant for contempt of court. Judgment modified, on the facts, by reducing the award of alimony and child support from $265 per week to $195 per week and reducing the allocation therefrom for alimony from $150 per week to $80 per week. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the award for alimony was excessive to the extent indicated herein. A new action by appellant has been commenced based on newly discovered evidence which was not part of this record. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., not voting.

LINDEN HILL No. 2 COOPERATIVE, Appellant, v. SAM LESKOWITZ et al., Respondents.— In an action *inter alia* for a declaratory judgment and injunctive relief, with respect to defendants' harboring of a dog in their apartment, plaintiff appeals from an order of the Supreme Court, Queens County, dated September 25, 1972, which denied its motion for summary judgment, granted defendants summary judgment and adjudged that plaintiff is not entitled to removal of the dog. Order reversed, on the law, without costs; plaintiff's motion granted and defendants' application denied. The action is remitted to the Special Term for the entry of an appropriate judgment. In our opinion, the provision in the occupancy agreement barring the harboring of animals is valid and there was no waiver of the provision or oral modification thereof. (See, e.g., *Hillman Housing Corp.* v. *Krupnik*, 40 A D 2d 788; *Hilltop Vil. Coop. No. 4* v. *Goldstein*, 43 Misc 2d 657, affd. 23 A D 2d 722; *Lincoln Coop. Apts.* v. *Zaifert*, 23 A D 2d 796.) Munder, Acting P. J., Martuscello, Latham, Gulotta and Brennan, JJ., concur.