■ PAUL E. TAYLOR, JR., as President of Corporate Property Investors, Appellant, v PARKLANE HOSIERY CO., INC., Respondent.—In an action *inter alia* to enjoin defendant from selling certain products in violation of lease provisions, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated March 17, 1976, as denied those branches of its motion which sought (1) to dismiss certain affirmative defenses and (2) a protective order with respect to defendant's notice of deposition. Order modified by (1) adding to the first paragraph thereof, after the word denied, the following: "except that the words 'and their tenants in the Roosevelt Field Shopping Center' are stricken from the third affirmative defense, and the fourth affirmative defense is dismissed" and (2) deleting therefrom the provision that the branch of the motion which was for a protective order as to paragraphs "1" and "6" of defendant's notice of deposition is denied, and substituting therefor a provision that the said branch of the motion is granted. As so modified, order affirmed insofar as appealed from, without costs or disbursements. There are two leases extant between the plaintiff landlord and the defendant tenant; one is for a store at the Roosevelt Field Shopping Center in Garden City and the other is for a kiosk outside the store proper. The complaint alleges that defendant violated the "use" clauses in those leases (they are identical) by selling items not included in their coverage. The relief requested was enjoinder from further violation, or, in the alternative, judgment "declaring that the agreements of lease have been terminated". The answer (as elucidated by affidavits) alleged long-time

acceptance of defendant's sale of the allegedly prohibited items, and asserted affirmative defenses of laches, estoppel, waiver and discriminatory enforcement. In connection with the last stated defense, defendant's notice of deposition demanded production of all documents recording or relating to the "use" clauses contained in the leases of the other tenants at the shopping center. Plaintiff unsuccessfully moved at Special Term to dismiss all of the affirmative defenses and for a protective order to strike the demands as to the "use" clauses in other leases. In connection with the requested dismissal of the defenses, plaintiff referred to the nonwaiver and nonmodification clauses in the lease. As to the demand for the "use" clauses contained in other leases, plaintiff alleged they are irrelevant and, further, that it was unduly burdensome to produce portions of each of 124 leases. Defendant's answering affidavits alleged (in addition to the allegation of long-time permitted use) that the action was motivated out of spite and was a "vendetta" because defendant had refused to surrender the lease on the kiosk so that plaintiff could then lease it to a new tenant, and that other tenants had violated use clauses with impunity. Plaintiff's brief implicitly abandons the request for the alternative declaratory relief and asserts that the action does not contemplate forfeiture of the lease, but merely seeks future compliance with its terms. In such case, asserts plaintiff, the failure of the landlord to seek prompt relief on discovery of a tenant's breach of a covenant, may not be deemed a waiver of the nonwaiver and nonmodification clauses. The cases supporting plaintiff's position are primarily those relating to the rules of residential co-operative corporations (see, e.g., *Linden Hill No. 2 Coop. v Leskowitz,* 41 AD2d 741, affd 34 NY2d 580; *Luna Park Housing Corp. v Besser,* 38 AD2d 713; *Brigham Park Co-op. Apts. Section No. 2 v Krauss,* 28 AD2d 846, affd 21 NY2d 941) or to the rules appended to residential leases of a private landlord (see, e.g., *Pollack v Green Constr. Corp.,* 40 AD2d 996) prohibiting the harboring of a dog. As such, they relate to what were deemed the proper amenities and comfort of the tenants. Such fact patterns are truly *sui generis* and the cited cases are not precedents for the general dismissal of such defenses in an action for an injunction. At the pleading stage, the affirmative defenses of laches, estoppel and waiver were properly held to be sufficient. However, the fourth affirmative defense ("unclean hands by discriminatorily enforcing the 'use clause'") is insufficient as a matter of law. There is no requirement that a landlord investigate the adherence of every commercial tenant to his covenants before seeking to enjoin the continued violation thereof by one of the tenants. It need not proceed in concert against all or any others who violate their leases. An affirmative defense based upon such erroneous supposition, as well as specified items related thereto in disclosure proceedings, must therefore be stricken. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.