■ In the Matter of ARNOLD WEISS et al., Respondents, v COMMISSIONER OF THE OFFICE OF DRUG ABUSE SERVICES, Respondent, and COMMISSIONER OF THE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant.—Appeal from a judgment of the Supreme Court, entered May 20, 1977 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, seeking assessment of compensation due petitioners and reinstatement to positions in the Department of Correctional Services. By order dated February 11, 1977, Supreme Court Justice Cobb directed the reinstatement of petitioners to the positions they occupied prior to their transfer from the Office of Drug Abuse Services to the Department of Correctional Services, and, further directed that the matter be transferred to a Trial Part for computation of retroactive pay and the entry of an appropriate judgment. After taking proof with respect to the amounts due, Supreme Court Justice Ecker caused a judgment to be entered fixing the moneys due petitioners and further directed that they be reinstated to their former positions in the Department of Correctional Services. This appeal is from that part of Justice Ecker's judgment that directs reinstatement to the Department of Correctional Services. A final order of judgment rendered upon the merits is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction *(Matter of Haas,* 33 AD2d 1; 9 Carmody-Wait 2d, NY Prac, § 63:196). Next, when no appeal has been taken from a judgment or order, a party may not be relieved of its burden by a court of concurrent jurisdiction *(Abazoglou v Tsakalotos,* 36 AD2d 516; *Empire Mut. Ins. Co. v West,* 22 AD2d 938). It matters not that the order or judgment from which no appeal has been taken is right or wrong. *Res judicata* does not rest so much on principles of estoppel, but on the broader ground of public policy requiring a finality of the order of our courts *(Matter of Haas, supra).* Finally, one Judge of co-ordinate jurisdiction should not vacate or modify an order of a colleague of equal rank in the same case (cf. 32 NY Jur, Judges, § 21). Judgment modified, on the law, without costs, by deleting therefrom the direction of reinstatement and substituting therefor a direction that petitioners be reinstated to their former positions in the Office of Drug Abuse Services, or, if such positions no longer exist, that their names be entered upon an appropriate preferred list for reinstatement to their former positions, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). The issue before us does not involve a modification of an order of a Judge by an associate of the

same rank and jurisdiction. Rather, we have here a fulfillment by Justice Ecker of the order of Justice Cobb, namely, reinstatement of petitioners to the *positions they occupied prior to their transfer* from the Office of Drug Abuse Services to the Department of Correctional Services after he had computed the moneys due petitioners due to their illegal dismissal. Since the positions petitioners had occupied before their transfer had in the meanwhile been absorbed by the Department of Correctional Services, Justice Ecker correctly ordered their reinstatement to them. His order embodies the clearly stated intention of Justice Cobb. The judgment should be affirmed.