*424 OPINION OF THE COURT
Memorandum.
Order of the court below (97 Misc 2d 563), insofar as it dismissed the petition for lack of subject matter jurisdiction, unanimously reversed, without costs, and matter remanded to the court below for trial.
In this nonpayment summary proceeding, petitioner obtained a final judgment upon respondent’s failure to answer. Respondent’s motion to vacate this default final judgment was granted by Judge Tavormina and the matter was set down for trial. Thereafter, Judge Shilling apparently reconsidered this motion, vacated the default and dismissed the petition for lack of subject matter jurisdiction.
The reconsideration of this motion was improper because a Judge of co-ordinate jurisdiction may not review an order of a colleague of equal rank in the same case (Matter of Weiss v Commissioner of Off. of Drug Abuse Servs., 64 AD2d 768, affd 47 NY2d 835). Nevertheless, the court below, on its own motion, at any time, could dismiss the proceeding if it determined that it lacks subject matter jurisdiction (Robinson v Oceanic Steam Nav. Co., 112 NY 315).
It is our opinion that the relationship between the petitioner, a co-operative, and respondent, its stockholder, is that of landlord and tenant to the extent that petitioner may maintain a summary proceeding against respondent (1990 Seventh Ave. Co-op. Corp. v Edwards, 133 Misc 831; Esplanade Gardens v Reed, NYLJ, May 9, 1979, p 13, col 3; Brigham Park Co-op. Apts. v Lieberman, 158 NYS2d 135; see Susskind v 1136 Tenants Corp., 43 Misc 2d 588).
Concur: Pino, P. J., Buschmann and Weinstein, JJ.