OPINION OF THE COURT
Helen E. Freedman, J.
This is another case concerning the applicability of jurisdictional prerequisites to summary proceedings brought against a residential tenant in a commercial loft. The factor that distinguishes this case from its predecessors is that the building is co-operatively owned and the tenant respondent is a co-operative shareholder.
Although each party submitted its own statement of facts, the essential elements are not in dispute. Petitioner is a cooperative corporation formed in June of 1973. Respondent is a dissatisfied shareholder in petitioner and, at the same time, a tenant subject to a proprietary lease in the co-opera *1004 tive. The lease was for commercial space, as the area was not zoned for conversions at the time of the capital stock purchase. The building is now occupied for residential purposes by 10 families, and is undergoing conversion to comply with building code standards for a multiple dwelling. Respondent, as one of the residential tenants, has withheld approximately $4,000 in rent, claiming that the work toward converting the structure to residential use has been improperly performed. Petitioner has neither a multiple dwelling registration number nor a certificate of occupancy for a residential structure, but has brought this nonpayment proceeding.
In the recent decision, Mandel v Pitowsky (102 Misc 2d 478, 479, affd 76 AD2d 807), the court set forth the principle that a multiple dwelling registration number was a prerequisite to maintaining a summary proceeding where a de facto multiple dwelling exists, i.e., where the landlord “was aware of and expressly condoned and encouraged the conversion to residential use, and that tenants entered into possession with the expectation and the assurance that the landlord would take the necessary steps to legalize the occupancy”. The lower court dismissed the petition pursuant to 22 NYCRR 2900.21 (f), section 325 of the Multiple Dwelling Law and section D26-41.01 of the Administrative Code of the City of New York.
The holding in Mandel (supra) followed Lipkis v Pikus (99 Misc 2d 518, affd 72 AD2d 697, mot for lv to opp granted 73 AD2d 1066), where the landlord had been a knowing participant in the conversion, had obtained a multiple dwelling registration number, but had not obtained a residential certificate of occupancy. In Lipkis the Appellate Term declined to dismiss the petition; however, it ordered the rental moneys due deposited into court until the certificate of occupancy was secured.
There appears to be no question that the building here is a de facto multiple dwelling. In fact, the landlord was the board of directors composed of tenants living in the co-operative building. Obviously the landlord participated in, condoned and encouraged the conversion to resi *1005 dential use. (Mandel v Pitowsky, supra; Lipkis v Pikus, supra.) *
Having determined that the building here is a de facto multiple dwelling I would, under Mandel, dismiss the petition on the ground that there is no multiple dwelling registration number. Petitioner, however, claims that the co-operative character of the building alters the conventional landlord-tenant relationship so as to allow the bringing of a summary proceeding without obtaining a multiple dwelling registration number, and to preclude interposition of a warranty of habitability defense.
Recent decisions considering the issue of the relationship of the co-operative corporation and the tenant cooperator have reached a variety of conclusions. In one case, Jimerson Housing Co. v Butler (102 Misc 2d 423, 424), the court stated: “It is our opinion that the relationship between the petitioner, a co-operative, and respondent, its stockholder, is that of landlord and tenant to the extent that petitioner may maintain a summary proceeding against respondent (1990 Seventh Ave. Co-op. Corp. v Edwards, 133 Misc 831; Esplanade Gardens v Reed, NYLJ, May 9, 1979, p 13, col 3; Brigham Park Co-op. Apts. v Lieberman, 158 NYS2d 135; see Susskind v 1136 Tenants Corp., 43 Misc 2d 588).”
Although there is authority to the contrary (RNA House v Schwartz, Housing Ct, New York County, 1979; 158th St. Riverside Drive Co. v Launay, NYLJ, April 6, 1976, p 9, col 2), this court has previously determined that the warranty of habitability applies to co-operatives. The statutory language of section 235-b of the Real Property Law is explicit and inclusive. (Hauptman v 222 East 80th St. Corp., 100 Misc 2d 153.) An examination of the relationships in a housing co-operative reveals that a minority shareholder is often as powerless against the board of directors as any tenant vis-á-vis a landlord. In such a situation a tenant co-operator cannot even obtain the advantages of a tenant organization since the other tenants are, in ef *1006 feet, the landlord. To distinguish co-operative housing corporations from rental housing entities for one purpose (warranties) and treat them identically for others (summary proceedings) may create the anomalous situation where a tenant in a co-operative is subject to all of the liabilities but none of the rights of a tenant in a rental building.
In the particular situation at bar, the tenant co-operator has raised substantial issues concerning habitability which should properly be litigated in either this court or a court of general jurisdiction. However, in view of the Appellate Division holding in Mandel (102 Misc 2d 478, affd 76 AD2d 807, supra), this court is mandated to dismiss the petition as it fails to conform to statutory standards. As soon as a multiple dwelling registration number is obtained, the proceeding may again be brought. At such time, the court would be authorized, under Lipkis v Pikus (99 Misc 2d 518, affd 72 AD2d 697, supra) to order the rent now being held in escrow by respondent’s attorney to be placed into court.

See, also, Gordon & Gordon v Carvajal (NYLJ, Feb. 8, 1980, p 6, col 6), where the court found that the landlord’s knowledge was insufficient to constitute a de facto multiple dwelling warranting either dismissal of the petition or a direction that rental moneys be paid into court.