OPINION OF THE COURT
Herbert Kramer, J.
The question upon this motion for summary judgment is whether respondents’ need for a dog, because of their severe physical handicaps, is so compelling that an issue of fact is created which may override a concededly otherwise enforceable no-pet clausp in a residential lease. (See Hillman Housing Corp. v Krupnik, 40 AD2d 788; Linden Hill No. 2 Co-op. v Leskowitz, 41 AD2d 741.)
The petitioner cites a number of cases which have upheld his position. For example, Hilltop Vil. Co-op. No. 4 v Goldstein (43 Misc 2d 657, affd 23 AD2d 722) and Lincoln Co-op. Apts. v Zaifert (23 AD2d 796) are cited for the proposition that a landlord may terminate a lease because of tenant’s violation of a no-pet clause “notwithstanding the contention that the animal is necessary for watchdog or protection purposes.” A generalized claim of need for security purposes, however, is far different from the particularized need set forth herein by the Dopicos.
It has been eight years since the appellate courts have spoken on this issue. The time has come to examine the issue anew in light of remedial legislation, regarding the disabled, enacted subsequent to the above-cited decisions.
In 1979, section 47 of the Civil Rights Law was amended to protect the deaf from being denied equal use of any public facility, including all forms of public and private *775 housing accommodation, solely because that person is deaf and is accompanied by a guide dog. This law had previously applied only to the blind, as enacted in 1976.
More recently, the General Business Law was amended to protect certain handicapped persons from eviction under co-operative and condominium conversion plans. (L 1980, chs 754, 755, 756.)
In the area of public housing, the refusal to rent or otherwise withhold housing accommodations because of disability is an unlawful discriminatory practice. (Executive Law, § 296, subd 2-a, par [a].)
The respondent tenants have provided affidavits from a physician and a veterinarian as well as their own affidavits which allege that the landlord is, in effect, discriminating against them because of their handicaps, which confine each of them to a wheelchair, and taking retaliatory action because of Mr. Dopico’s activities with the tenants association, which is currently engaged in a rent strike.
Be that as it may, the court is primarily concerned, for the purpose of this motion, with whether the no-pet clause invariably must be enforced as a matter of law or whether it can yield, upon proof of extreme circumstances.
Mrs. Dopico affirms that she is confined to a wheelchair and can only move her hands; her German shepherd, Topaz, serves a necessary security function for her, as well as being an early-warning detector of smoke and fire. Furthermore, Mr. Dopico states that on two occasions when he left the building without Topaz, he was attacked by teenagers. He never had this problem when accompanied by the dog.
This court finds that the legislative advances protecting the disabled, which evolved after the last appellate decisions in this area, require the no-pet clause to bow upon proof of a specific, particularized need to keep a dog, which need arises out of the handicap.
The court further finds that the dependency upon the dog demonstrated by the Dopicos is sufficient to raise a question of fact as to this issue as well as on principles of *776 uiiconscionability. These issues, along with issues of waiver and adhesion, require á plenary trial.
Therefore, the motion for summary judgment is denied.
The motion to strike the jury demand because no issue of fact exists is denied.
The motion to sever the counterclaim is granted.