OPINION OF THE COURT
John A. Milano, J.
This court is asked to define and construe the procedural, substantive and jurisdictional parameters of a new RPAPL 753 (subd 4) (L 1982, ch 870, eff July 29, 1982) where a tenant holds over in premises occupied for dwelling purposes in the City of New York.
FACTS
Petitioner, Glen Oaks Village Owners, Inc., brings this summary holdover proceeding against the respondent proprietary lessee, Debra Mauro, after having terminated by 10-day notice, the co-operative corporation lease on the grounds that without first having obtained written consent of the lessor, and in violation of the terms and provisions of said lease, that the said respondent installed an air conditioner sleeve through the wall of respondent’s apartment. In addition, petitioner requests legal fees in the sum of $250.
PROCEEDINGS
The respondent failed to appear at the time of trial and petitioner at the inquest submitted his prima facie case in *152 regard to the said breach of the proprietary lease and legal fees. The petitioner’s attorney, at the conclusion of his case, demanded an unconditional judgment of possession citing as the reason the failure of the proprietary lessee, after opportunity and notice, to cure the said breach and the subsequent termination of the leasehold.
STATUTE
Chapter 870 of the Laws of 1982 amends the heading of RPAPL 753 (subd 1) by deleting the term “Discretionary stay” where a tenant holds over in premises occupied for dwelling purposes in the City of New York and adds a new subdivision 4 which reads as follows: “In the event that such proceeding is based upon a claim that the tenant or lessee has breached a provision of the lease, the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.”
petitioner’s argument
Petitioner’s attorney argues that RPAPL 753 does not apply to proprietary co-op leases; that even if it does apply that the provisions of the proprietary lease are such that once the lease is terminated by reason of breach, it cannot be revived by this amendment. Further that if this amendment was designed to replace “yellowstone injunctions” it does not toll the notice to cure; that the court may not exercise discretion in granting a stay of the issuance of the warrant for the purpose of giving the tenant or lessee an opportunity to cure the said breach.
ANALYSIS
It would appear that this new amendment to RPAPL 753 is not procedural but substantive in nature and its effect (unlike “yellowstone injunctions” which toll the time within which to cure a violation of a substantial covenant of the lease) is to give a tenant a last clear chance to cure, even after he has failed to cure the breach in the “cure period”. (First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630.) It constitutes a conditional limitation on the landlord’s right of termination of the leasehold by reason of a breach of a provision of the lease. It applies to all residential tenancies including co-operatives. (See Suarez *153 v Rivercross Tenants’ Corp., 107 Misc 2d 135 [App Term]; Jimerson Housing Co. v Butler, 102 Misc 2d 423 [App Term].) And the language of section 4 mandates the court to grant a conditional judgment and the curing of the breach reinstates the term previously terminated.
Accordingly, final judgment in favor of the landlord for possession with the warrant stayed 10 days. In addition legal fees in the sum of $250 are awarded to the landlord. In the event the tenant cures said breach in said period, judgment to be null and void and the leasehold to be reinstated. Since this proceeding was by inquest, the 10 days shall toll from the mailing of this conditional judgment to the said lessee by certified mail.