OPINION OF THE COURT
Sidney Rosen, J.
Petitioner, a cooperative corporation, instituted this sum *1023 mary holdover proceeding against the respondent, a proprietary lessee, because she harbors a dog in her apartment. It is undisputed that the proprietary lease of the parties dated September 14, 1984, the date when the respondent took occupancy, does not contain any prohibition against the harboring of any animal at the premises. However, at a meeting of the board of directors of the co-op corporation on September 17, 1985, it is alleged that the "House Rules” were amended restricting the presence of dogs on the premises. The pertinent portion of the minutes of that meeting is as follows: "A long discussion on dogs followed and a vote was taken to amend the house rules. No more dogs would be allowed in the building. The two dogs present would be allowed to remain as long as they didn’t cause a disturbance”.
Paragraph 13 of the proprietary lease provides the board of directors with the authority to alter, amend or repeal the house rules or to adopt new ones.
It is conceded that the respondent installed a dog in her apartment in August 1986 after having suffered through several burglaries or attempted burglaries in her apartment. Nor is there any claim made by petitioner that the animal of the respondent had caused any disturbance or nuisance.
The copy of the minutes was neither attested to by officers of the corporation nor was there any other proof of its authenticity. However, the decision of this court to dismiss the petition in this proceeding is not grounded on the technical defects alluded to, but rather on the more substantive issue involved herein.
Both rent-controlled and rent-stabilized tenants have statutory protection against being evicted for breaches of lease convenants. Administrative Code of the City of New York § 451-6.0 (a) (1) and New York City Rent and Eviction Regulations § 52 (a) refer to tenants residing in rent-controlled apartments and provide that no tenant, so long as he continues to pay the rent, shall be evicted unless "the tenant is violating a substantial obligation of his tenancy”. Similarly, section 53 (A) of the Code of Rent Stabilization Association of New York City, Inc. protects a rent-stabilized tenant from being dispossessed unless there has been a violation of a substantial obligation of the tenancy.
Thus, in the case of Matter of Park W. Vil. v Lewis (62 NY2d 431, 434) the Court of Appeals stated that the issue presented "is whether a significant violation of a substantial *1024 obligation of a lease occurs when a tenant who agreed to use her apartment solely for residential purposes also uses the apartment as a counseling office where she conducts her entire professional psychotherapy practice”. In finding in favor of the landlord, the court concluded that the restrictive covenant in the lease as to use was a substantial obligation of the tenancy and that the tenant’s extensive professional use of the premises constituted a significant violation of that obligation.
Shall this clear enunciation of the law be applicable to shareholders of a cooperative so that a proprietary lessee may come under the umbrella of protection afforded traditional tenants? This question does not appear to have been the issue heretofore presented to any court. However, it is well-settled law that a proprietary lease is no different from any other type of lease, and the relationship between a shareholder tenant and the co-op corporation is akin to that of landlord and tenant. (Linden Hill No. 1 Coop. Corp. v Kleiner, 124 Misc 2d 1001; Suarez v Rivercross Tenants’ Corp., 107 Misc 2d 135; Glen Oaks Vil. Owners v Mauro, 117 Misc 2d 151.)
That the courts have recognized the equal status of the coop-tenant and the tenant of a rent-stabilized apartment so far as summary proceedings are concerned is borne out, most significantly, in several cases involving the "no-pet law” (Administrative Code § D26-10.10). In Linden Hill No. 1 Coop. Corp. v Kleiner (supra) the court held that the statute which provides for a waiver of any provision in a lease prohibiting household pets in multiple dwellings unless the landlord commences a summary proceeding within three months of knowledge of the fact, applies to residential cooperatives. (To the same effect, see, Laight Coop. Corp. v Kenny, 105 Misc 2d 1001; 445 E. 86 Owners Corp. v Kayatt, NYLJ, June 25, 1986, at 15, col 4; Corlear Gardens Hous. Co. v Ramos, 126 Misc 2d 416.)
In light of the foregoing, the court can perceive no reason to withhold from the shareholder-tenant, who has made a financial investment by the purchase of the apartment, the same measure of protection from eviction for a technical breach of a lease as is provided by statute to conventional tenants.
The issue before the court, therefore, is whether respondent’s maintenance of a dog in her apartment in violation of the house rule prohibiting the same is, in fact, "[a] significant violation of a substantial obligation of the tenancy”.
*1025 Absent a clear statement in the lease that a particular convenant is a substantial obligation, courts will not permit the forfeiture of the lease and the eviction of the tenant for a breach of the covenant. (Joseph Hende, Inc. v Langley, NYLJ, Oct. 27, 1978, at 4, col 5 [App Term, 1st Dept].) This would be equally applicable to "house rules”. Applying the rule of the Park W. case (supra) the petitioner may not succeed in this proceeding unless the maintenance of the dog by the respondent in the apartment is a violation of a substantial obligation of her tenancy.
The "house rule” relied upon by the petitioner fails to state that harboring a dog is a violation of a substantial obligation of the tenancy, nor does it provide for any penalty for a breach thereof. House rules appended to a lease usually do not carry with them any major penalty for an infraction. The law is well established that a lease must spell out all penalties and liabilities for violation of any rules set forth in the lease agreement. (Sead Realty Co. v Walkly, NYLJ, Dec. 17, 1986, at 14, col 4; Hende v Langley, supra; Abbett Realty Corp. v Osnowicz, 65 Misc 2d 927; Southbridge Towers v Rovics, 76 Misc 2d 397.)
Though numerous cases have held the "no pet” clauses to be enforceable (Megalopolos Prop. Assoc. v Buvron, 125 Misc 2d 32; Riverbay Corp. v Klinghoffer, 34 AD2d 630; Hillman Hous. Corp. v Kurpnik, 40 AD2d 788) it does not necessarily follow, however, that a "no pet” clause must be, as a matter of law, a substantial obligation of the tenancy (Lumbsden v Warden, NYLJ, Jan. 16, 1985, at 15, col 3). The court must examine the "obvious difference between holding that the behavior of the tenant is substantial enough to be enjoined [or] holding that the obligation imposed upon the tenancy is so substantial as to warrant the extreme sanction of [an] eviction” (Witkin v Pyles, NYLJ, Dec. 12, 1983, at 18, cols 1, 2).
In Southbridge Towers v Rovics (supra) the tenant entered occupancy pursuant to an occupancy agreement which contained a prohibition against the harboring of a dog on the premises and which further provided that a violation of the same is deemed a violation of a substantial obligation of the tenancy. This covenant was strictly enforced against the tenant.
The case of New York Life Ins. Co. v Dick (71 Misc 2d 53) had a different fact pattern and resulted in a favorable verdict for the tenant. The tenant moved in and there was no prohibí *1026 tion against dogs on the premises. Thereafter, the rules were changed to prohibit dogs and further provided that a violation of the restriction shall constitute a breach of a substantial obligation of the lease and grounds for its termination. The court, after characterizing the various acts of the landlord with reference to the existence of dogs at the premises as having nullified or modified the lease covenant which purported to prohibit dogs, concluded that whether a tenant is violating a substantial obligation of his tenancy is to be determined by the court, not by the landlord. The court then held that harboring a dog in a residential apartment does not per se constitute a breach of a substantial obligation of the tenancy.
The so-called resolution of the board of directors in this case indicated that there were at least two other dogs on the premises. In the case of Abbett Realty Corp. v Osnowicz (supra) the court observed that the presence of other pets on the premises is indicative that the landlord does not intend the no-pet clause to be a substantial obligation. This is especially true in this case when the adoption of the house rule occurred after the respondent purchased the shares of the co-op in order to obtain the proprietary lease for the apartment, which lease contained no such restriction.
Finally, the court is cognizant of the legislative declaration contained in section D26-10.10 ,(a) of the Administrative Code which recognized that household pets "are kept for reasons of safety and companionship”. Given the circumstances surrounding the acquisition of the dog by this respondent, the harboring of the animal does not constitute a significant violation of a substantial obligation of the tenancy.
The petition is accordingly dismissed.