OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
In this holdover summary proceeding, landlord and tenants originally proceeded upon a stipulation of agreed facts, including that tenants had harbored, and continued to harbor, a dog; that this was in violation of the lease; that tenants had had the dog for approximately six years; and that “[t]he only issues involved herein are whether as a matter of law the harboring of a dog as prohibited by the lease agreement is a violation of a substantial obligation of the tenancy so as to entitle the petitioner to recover possession of the apartment and whether a failure to offer a renewal lease and/or comply with a rent reduction order or orders prohibit[s] the petitioner from bringing the within proceeding.” Based upon the parties’ submission, the court (K. Gartner, J.) dismissed the petition, finding, inter alia, that landlord’s prolonged toleration of the dog indicated that the lease’s no-pet clause was not a substantial obligation of the tenancy.
Landlord moved to “reargue” and in connection with the motion submitted affidavits and documentary evidence to the effect that it had attempted on multiple occasions to obtain compliance with the no-pet clause. The court (K. Gartner, J.) granted this motion and ordered a trial, following which final judgment in favor of landlord was entered on May 14, 2003 (J. Asarch, J.).
The court below properly vacated its decision and order based upon the stipulation of facts and set the matter down for trial, as the stipulation was insufficient to enable the court to enter judgment (see CPLR 3222 [b] [5]). The stipulation of facts was silent as to landlord’s course of conduct concerning tenants’ dog, and the court properly concluded that it could not determine therefrom that landlord had failed to act to remove the dog despite knowledge of its presence “by inference from the facts stipulated” (CPLR 3222 [b] [4]).
*20 “No-pet” clauses have been held to be enforceable and to be substantial obligations of the tenancy (Pollack v Green Constr. Corp., 40 AD2d 996 [1972], affd 32 NY2d 720 [1973]; Matter of Paulsen Real Estate Corp. v Grammick, 244 AD2d 340 [1997]). The lease contains a provision that its terms may be waived only by written agreement, and it is undisputed that landlord and tenants in this matter did not enter into such an agreement. While even a nonwaiver clause may be waived in some circumstances, generally as evidenced by the conduct of the parties, beyond the mere acceptance of rent (see e.g. Dice v Inwood Hills Condominium, 237 AD2d 403 [1997]), the evidence adduced at trial, including providing the lease to tenants with the no-pets clause highlighted, telephone calls to tenants and discussions with them, numerous mailings of notices regarding the dog, the commencement of two prior summary proceedings (dismissed on technical grounds), and landlord’s attempt (held barred by the Emergency Tenant Protection Act in a prior administrative proceeding) to refuse to renew the lease, supports the court’s conclusion following trial that landlord did not waive the no-pets clause in the lease at issue.
The court properly found that tenant Olivo failed to establish that he was entitled to keep a dog for therapeutic reasons as a reasonable accommodation pursuant to the Fair Housing Act (42 USC § 3601 et seq.), as he failed to introduce sufficient evidence to establish his handicap and the necessity of keeping a dog to use and enjoy the apartment (see Doe v New York Univ., 666 F2d 761 [2d Cir 1981]; Crossroads Apts. Assoc. v LeBoo, 152 Misc 2d 830 [Rochester City Ct 1991]; Ocean Gate Assoc. Starred Sys. v Dopico, 109 Misc 2d 774 [Civ Ct, Kings County 1981]).
As pertinent hereto, the Fair Housing Act (42 USC § 3602) provides:
“(h) ‘Handicap’ means, with respect to a person—
“(1) a physical or mental impairment which substantially limits one or more of such person’s major life activities,
“(2) a record of having such an impairment, or
“(3) being regarded as having such an impairment J5
A refusal “to make reasonable accommodations in [the] rules, policies, practices, or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling” constitutes discrimination pursuant to the Fair Housing Act (42 USC § 3604 [f] [3] [B]; 24 CFR 100.204).
*21 The tenant in LeBoo, cited by tenant Olivo, raised an issue of fact as to his entitlement to accommodation by submitting three expert affidavits, from a treating psychiatrist, his clinical social worker and a certified pet-assisted therapist, stating that Le-Boo’s pet was necessary to his use and enjoyment of the subject premises and demonstrating the existence of an issue of fact as to his “emotional and psychological dependence on the [pet] which requires him to keep the [pet] in the apartment” (LeBoo, 152 Misc 2d at 834). In contrast, tenant Olivo submitted only the ambiguous statement of his physician that depressed people may benefit from having pets and notes from his medical records that he was anxious about possibly losing his dog. Furthermore, even assuming arguendo that tenant Olivo’s anxiety, depression and physical ailments as described in the record constitute a “physical or mental impairment which substantially limits one or more of [his] major life activities,” the record is not sufficient to demonstrate that keeping a dog would in fact be necessary to his enjoyment of the subject premises (see generally Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights, 8 AD3d 286 [2d Dept 2004]).
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.