Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/24/2021 08:11 AM CDT

- 655 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

Christine Guenther, appellant,
v. Walnut Grove Hillside
Condominium Regime
No. 3, Inc., appellee.

Filed July 2, 2021.    No. S-20-574.

1. **Declaratory Judgments.** An action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute.

2. **Injunction: Equity.** An action for injunctive relief is equitable in nature.

3. **Declaratory Judgments: Equity: Appeal and Error.** In reviewing an equity action for a declaratory judgment, an appellate court tries factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court, subject to the rule that where credible evidence is in conflict on material issues of fact, the reviewing court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.

4. **Federal Acts: Discrimination: Proof.** The Fair Housing Act requires accommodation if such accommodation (1) is reasonable and (2) necessary (3) to afford a handicapped person the equal opportunity to use and enjoy a dwelling. The movant bears the burden of proving each of these elements by a preponderance of the evidence.

5. **Federal Acts: Claims: Proof.** The ultimate burden to prove both the reasonableness and the necessity of a requested accommodation remains always with the plaintiffs asserting a reasonable accommodation claim under the Fair Housing Act.

6. **Federal Acts: Discrimination: Proof.** In order to demonstrate that the accommodation was necessary under the Fair Housing Act, a claimant is required to show that the accommodation was indispensable or essential to the claimant's equal opportunity to use and enjoy his or her dwelling.

- 656 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

7. **Federal Acts: Discrimination.** In order to gauge the necessity of an accommodation, courts are required to consider whether another alternative satisfies the Fair Housing Act's goal to provide equal housing opportunities.
8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Thomas C. Dorwart and Adam J. Kost, of Goosmann Law Firm, P.L.C., for appellant.

Minja Herian and Gabreal M. Belcastro, of Koley Jessen, P.C., L.L.O., for appellee.

HEAVICAN, C.J., CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FUNKE, J.

Christine Guenther appeals from the dismissal of her complaint for declaratory judgment. Following a bench trial, the court dismissed Guenther's claim that Walnut Grove Hillside Condominium Regime No. 3, Inc. (Walnut Grove), refused to make a reasonable accommodation, under the federal Fair Housing Act and the Nebraska Fair Housing Act (collectively FHA),[1] by denying her request to secure her daughter's emotional support dogs through construction of a fence in a common area. Finding no error in the court's decision, we affirm.

## BACKGROUND

Guenther owns a condominium unit, consisting of one half of a duplex, located in Omaha, Douglas County, Nebraska. Walnut Grove is a condominium regime and homeowners' association (HOA) incorporated in Nebraska, which operates

---

[1] See, 42 U.S.C. §§ 3601 to 3619 (2018); Neb. Rev. Stat. §§ 20-301 to 30-344 (Reissue 2012).

- 657 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

through a HOA board. Guenther's condominium is within the Walnut Grove subdivision and is subject to Walnut Grove's bylaws and covenants.

At the time of trial, Guenther's daughter, N.G., lived in Lincoln, Nebraska, where she attended college full time. N.G. also lived with Guenther in Omaha for part of the year. N.G. has been diagnosed with major depressive disorder and anxiety disorder. She uses two dogs as emotional support animals based on the recommendations of her doctor. The animals live with Guenther in Omaha.

In February 2018, Guenther made a request to Walnut Grove to construct a fence through part of the common area behind her condominium, or to repair an existing fence, for the purpose of allowing the dogs to safely spend time outside. Guenther offered to pay for the cost of the fence. Guenther asserted that releasing the dogs into a fenced-in area would alleviate N.G.'s anxiety regarding the dogs' safety, because N.G.'s first emotional support dog was killed outside the condominium shortly after they had moved in. According to Guenther, when the first dog was killed, she heard "horrible screeching, yelping sounds," and found the dog lying on the street close to the curb. Though Guenther thought the dog might have been attacked by a neighbor's dog, she did not know if the dog was attacked or was hit by a car. N.G. was not present when the animal was killed.

Walnut Grove denied Guenther's request. Based on its bylaws and covenants, Walnut Grove stated that it lacked the authority to divide or partition one of the "general common elements." "[G]eneral common elements" consist of, among other property features, "[t]he land on which the Units stand, including all surrounding lands embraced within [the condominium regime]." Walnut Grove stated that Guenther's request to construct the fence would violate HOA bylaws and covenants stating that "[t]he general common elements shall be for the use and enjoyment of all Unit Owners. The ownership of the general common elements shall remain undivided,

- 658 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

and no Unit Owner or other person shall have the right to partition or division of the general common elements of the Condominium Regime."

In August 2018, Guenther again requested to install the fence to alleviate N.G.'s depression and anxiety. Walnut Grove again denied the request, and it suggested alternatives that would be permitted under the bylaws and covenants, such as installing an underground invisible fence, constructing a privacy fence around Guenther's patio, or tethering the dogs while outside.

On January 30, 2019, Guenther filed a complaint in the district court for Douglas County seeking a declaration that Walnut Grove refused a reasonable accommodation under the FHA. Guenther alleged that N.G. has been diagnosed with major depressive disorder, anxiety disorder, and anorexia; that an emotional support dog is required for her treatment; and that N.G. suffered from severe depression and anxiety as a result of the death of the previous dog. Guenther alleged that Walnut Grove engaged in selective enforcement of HOA bylaws and covenants, because two adjacent neighbors have fences around their common areas, which fences were grandfathered in. Guenther alleged that she has a partial fence that was also grandfathered in and that constructing the rest of the fence would not divide the general common area if the fence included a gate to allow neighbors to pass through. Guenther requested a declaration that Walnut Grove violated her equal protection rights under the U.S. and Nebraska Constitutions, a declaration that Walnut Grove violated her rights under the FHA, an order allowing her to construct the fence, and an award of attorney fees.

Walnut Grove filed an answer on March 7, 2019, which alleged that it had proposed reasonable alternatives that would keep N.G.'s dogs safe without violating the HOA bylaws and covenants.

The court held a trial on the matter on June 25, 2020. On July 17, the court entered its order of judgment dismissing

- 659 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

Guenther's complaint, finding that she failed to sustain her burden of proof. The court found that for Guenther to prevail on her claims under the FHA, she had to show that a person residing in her dwelling is a "handicapped person,"[2] as defined under the FHA, and that the reasonable accommodation is "necessary to afford [the] handicapped person . . . an equal opportunity to use and enjoy the premises."[3] The court referred to exhibit 2, which contained a doctor's note dated August 12, 2019, confirming N.G.'s major depressive disorder and anxiety disorder diagnoses and stating her dog "is a great source of comfort to her" and that "[h]er health benefits from the companionship of the family dog." However, the court referred to N.G.'s testimony that she was originally diagnosed in approximately 2015 and that at the time of trial, she no longer received treatment or medication for her major depressive and anxiety disorders.

The court found that, under the circumstances, Guenther failed to show that N.G. suffered from a physical or mental impairment which substantially limits one or more of her major life activities and that therefore, Guenther failed to show that N.G. is a handicapped person as defined under the FHA. In addition, the court found that Guenther failed to prove that her requested accommodation is necessary to afford N.G. an equal opportunity to use and enjoy the home. The court noted N.G.'s testimony that she primarily lived in Lincoln and that when she is at Guenther's home, "she is able to interact with the . . . dogs" and "is able to take them for walks . . . outside." Notably, Guenther testified that her next-door neighbor, Carol Bolton, permits the animals to be kept in a fenced-in yard. Bolton testified and confirmed that she offered the use of her fenced-in yard and that Guenther had kept the dogs in Bolton's yard for about 2 years. The

---

[2] See, 42 U.S.C. § 3602(h); § 20-313.

[3] See, 42 U.S.C. § 3604(f)(3); § 20-319(2).

- 660 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

court found that Guenther "offered no evidence that having the dogs outdoors, in a fenced-in backyard, would be required to afford [N.G.] an equal opportunity to use and enjoy [Guenther's home]."

Guenther filed an appeal. We moved the case to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Guenther assigns, summarized and restated, that the district court erred in (1) finding insufficient proof that N.G. is a handicapped person, (2) finding insufficient proof that the requested accommodation was necessary to afford N.G. an equal opportunity to use and enjoy Guenther's home, (3) failing to apply the proper burden-shifting analysis for a claim under the FHA, (4) failing to find that Walnut Grove did not meet its burden of proving that Guenther's requested accommodation was unreasonable, and (5) failing to award Guenther attorney fees and costs.

## STANDARD OF REVIEW

[1-3] An action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute.[4] An action for injunctive relief is equitable in nature.[5] In reviewing an equity action for a declaratory judgment, an appellate court tries factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court, subject to the rule that where credible evidence is in conflict on material issues of fact, the reviewing court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.[6]

---

[4] *Wilkison v. City of Arapahoe*, 302 Neb. 968, 926 N.W.2d 441 (2019).

[5] See *id.*

[6] *Id.*

- 661 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

## ANALYSIS

We first discuss Guenther's second assignment of error, because resolution of that issue is dispositive. Guenther argues that the district court erred in finding that she failed to prove that the requested accommodation was necessary to afford N.G. an equal opportunity to use and enjoy Guenther's home. Guenther argues that "the fence would enhance [N.G.'s] quality of life by ameliorating the effects of her disability."[7] She argues that N.G.'s emotional support dogs help N.G. with her anxiety and depression and that N.G. worries about the dogs being attacked. Walnut Grove argues the court correctly found that construction of a fence in a common area, in violation of the HOA bylaws and covenants, was not necessary to achieve equal housing opportunities for N.G.

In this court's recent decision of *Wilkison v. City of Arapahoe*,[8] we resolved an appeal involving a therapy animal and a reasonable accommodation claim under the FHA. In that case, we set forth the legal standards governing reasonable accommodation claims and the applicable burden of proof. As such, our analysis from *Wilkison* contains everything necessary to decide this case. Pursuant to *Wilkison*, we conclude that the district court correctly determined that Guenther failed to prove that the requested accommodation was necessary.

[4] The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap."[9] The FHA prohibits "discrimina[tion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."[10] For purposes of the FHA,

---

[7] Brief for appellant at 16-17.

[8] *Wilkison, supra* note 4.

[9] 42 U.S.C. § 3604(f)(1). Accord § 20-319(1)(a).

[10] 42 U.S.C. § 3604(f)(2). Accord § 20-319(1)(b).

- 662 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

discrimination includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[11] The FHA requires accommodation if such accommodation (1) is reasonable and (2) necessary (3) to afford a handicapped person the equal opportunity to use and enjoy a dwelling.[12] The movant bears the burden of proving each of these elements by a preponderance of the evidence.[13]

[5] Guenther has argued that in considering her claim, this court should apply a burden-shifting analysis so that the movant must show that the requested accommodation is reasonable on its face and then the opponent must show the accommodation creates an undue hardship. However, the analysis proposed by Guenther applies only in the context of a defendant's motion for summary judgment regarding a reasonable accommodation claim.[14] Here, we are reviewing a judgment following a bench trial. "The ultimate burden to prove both the reasonableness and the necessity of a requested accommodation remains always with the plaintiffs asserting a reasonable accommodation claim under the [FHA]."[15] Pursuant to our de novo review, we must determine whether Guenther carried her burden of proving her request to build a fence in Walnut Grove's common area (1) is reasonable and (2) necessary (3) to afford a handicapped person the equal opportunity to use and enjoy a dwelling.

---

[11] 42 U.S.C. § 3604(f)(3)(B). Accord § 20-319(2)(b).

[12] See, *id*.; *Howard v. City of Beavercreek*, 276 F.3d 802 (6th Cir. 2002); *Oconomowoc Residential Prog. v. City of Milwaukee*, 300 F.3d 775 (7th Cir. 2002).

[13] *Bryant Wood Inn, Inc. v. Howard County, Md.*, 124 F.3d 597 (4th Cir. 1997).

[14] See *US Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002).

[15] *Wilkison, supra* note 4, 302 Neb. at 977, 926 N.W.2d at 449.

- 663 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

To determine whether an accommodation is reasonable, the inquiry is highly fact specific, requires balancing the needs of the parties, and involves assessing both financial and administrative costs and burdens.[16] An accommodation is reasonable if it is both efficacious and proportional to the costs to implement it, and an accommodation is unreasonable if it imposes undue financial or administrative burdens or requires a fundamental alteration in the nature of the program.[17] As stated, in this appeal, we need not engage in a reasonableness inquiry. Instead, the question we address is whether Guenther adduced sufficient evidence that construction of the fence is necessary.

[6] The FHA "'links the term "necessary" to the goal of equal opportunity. . . . Plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'"[18] "'[T]he necessity element is, in other words, a causation inquiry that examines whether the requested accommodation or modification would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive.'"[19] In order to demonstrate that the accommodation was necessary, a claimant is required to show that the accommodation was indispensable or essential to the claimant's equal opportunity to use and enjoy his or her dwelling.[20]

Upon our review of the record, although it is undisputed that N.G. suffers from major depressive and anxiety disorders and

---

[16] *Id*.

[17] *Id*.

[18] *Id*. at 979, 926 N.W.2d at 450, quoting *Smith & Lee Associates v. City of Taylor, Mich.*, 102 F.3d 781 (6th Cir. 1996).

[19] *Id*., quoting *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531 (6th Cir. 2014).

[20] See *Wilkison, supra* note 4.

- 664 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

that the family dogs have a positive impact on her health, we conclude there is insufficient proof that the fence is necessary.[21] Guenther cites to an unpublished opinion, *Oregon Bureau of Labor and Industries ex rel. Mayorga v. Housing Authority of Douglas County*,[22] to argue that a service animal, like any other assistance device, may require an additional accommodation to enable its effective use. However, this authority merely establishes that the fence qualifies as an accommodation; such does not establish that the fence is necessary. The undisputed evidence shows that, without the fence, N.G. freely enjoys the use of the animals while at Walnut Grove. As such, Guenther failed to prove that the fence is indispensable or essential to achieving equal housing opportunities for N.G.

The requirement that an accommodation be necessary is expressly linked to the goal of affording equal opportunity to use and enjoy a dwelling.[23] Thus, a necessary accommodation is one that alleviates the effects of a disability.[24] The only evidence in the record that construction of a fence in the common area is necessary is N.G.'s testimony that knowing the dogs were safe in the yard "would give [her] much more peace of mind." However, this aspect of Guenther's theory depends on the assertion that without the fence, the animals will be at risk of being attacked by other dogs. There is no evidence to support this assertion. Guenther thought that the first emotional support dog was attacked by a larger dog owned by one of her neighbors. However, Guenther admitted that she did not know if the dog was attacked by another dog or hit by a car. The

---

[21] See *Landmark Props. v. Olivo*, 5 Misc. 3d 18, 783 N.Y.S.2d 745 (2004).

[22] *Oregon Bureau of Labor and Industries ex rel. Mayorga v. Housing Authority of Douglas County*, No. 6:13-cv-01205-MC, 2014 WL 5285609 (D. Or. Oct. 15, 2014).

[23] *Cinnamon Hills Youth Crisis v. St. George City*, 685 F.3d 917 (10th Cir. 2012).

[24] *Bhogaita v. Altamonte Heights Condominium Ass'n*, 765 F.3d 1277 (11th Cir. 2014).

- 665 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

neighbor testified that Guenther told her at the time of the incident that the dog was hit by a car. Furthermore, Bolton, another neighbor, allows the emotional support animals to be kept in her fenced-in yard, next to Guenther's condominium.

[7] Even if there were factual support for Guenther's stated need for a fence, Guenther failed to adequately address Walnut Grove's proposed alternatives. In order to gauge the necessity of an accommodation, courts are required to consider whether another alternative satisfies the FHA's goal to provide equal housing opportunities.[25] Walnut Grove proposed the alternatives of using underground invisible fencing, using a privacy fence around Guenther's patio, or tethering the animals while outside. There is no evidence that any of these alternatives would not have been effective. Additionally, there is evidence that using Bolton's yard is an effective alternative. Guenther argues that she and N.G. are in the best position to make a specific request for an accommodation. But the facts simply do not support Guenther's request, and Guenther has no right to her preferred means of accommodation.[26] Therefore, we conclude that the district court correctly found that Guenther "offered no evidence that having the dogs outdoors, in a fenced-in backyard, would be required to afford [N.G.] an equal opportunity to use and enjoy [Guenther's home]."

[8] Because Guenther failed to meet her burden to prove that construction of the fence is necessary, her claim for refusal of a reasonable accommodation under the FHA fails, and we need not consider her other assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[27]

---

[25] See *Wilkison, supra* note 4. See, also, *Vorchheimer v. Philadelphian Owners Association*, 903 F.3d 100, 108 (3d Cir. 2018) ("food is necessary to survive. But if soup and salad are on offer, a sandwich is not necessary").

[26] See *id*. See, also, *Loren v. Sasser*, 309 F.3d 1296 (11th Cir. 2002); *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318 (S.D.N.Y. 2016).

[27] *In re Adoption of Yasmin S.*, 308 Neb. 771, 956 N.W.2d 704 (2021).

- 666 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
GUENTHER v. WALNUT GROVE HILLSIDE CONDO. REGIME NO. 3
Cite as 309 Neb. 655

Lastly, Walnut Grove argues that it is entitled to attorney fees as the prevailing party. However, Walnut Grove's request for attorney fees is premature.[28]

## CONCLUSION

The district court did not err in dismissing Guenther's claim for refusal of a reasonable accommodation under the FHA.

AFFIRMED.

MILLER-LERMAN, J., not participating.

───────────

[28] See Neb. Ct. R. App. P. § 2-109(F) (rev. 2021).