OPINION OF THE COURT
John R. Tenney, J.
In this nonjury trial, plaintiff established that the payments had not been made on a computer lease. It sought to accelerate the contract and recover the full amount.
The defendant contends that the computer never worked and seeks to raise the breach of warranty defenses. Plaintiff *129 says these defenses are only available against the manufacturer and the supplier, and they are not parties to this suit.
The defendant went into a Tandy Corporation subsidiary, Radio Shack, to buy a computer. He spoke to a salesman who appeared to work for the store, and he was convinced to buy a more expensive computer than originally intended. The same salesman furnished the defendant with a contract of purchase and a lease agreement. He was the only person defendant met. All dealings with plaintiff were through this individual.
Although representations were made by the salesman, he is not technically an agent of the plaintiff. Plaintiff argues that it merely accepts the offer to take the lease in return for payment to Radio Shack of the purchase price. The defendant has established that he was misled by the transaction in not knowing who was involved in the lease.
He made his lease payments but constantly complained to the seller of the failure of the computer. Finally, he gave up trying to get it in good working order and gave it back to Radio Shack. He then stopped making the payments on the lease.
There seems to be no defense on any agency theory available to the defendant. Generally, the warranty defenses would not be available tp him either.
However, an injustice exists, and Tandy Computer is hiding behind its separate corporate structure, although it is concededly a subsidiary of the Tandy Corporation, as is Radio Shack.
A similar situation was presented in United States Leasing Corp. v Franklin Plaza Apts. (65 Misc 2d 1082). The court refused to grant judgment for accelerated lease payments stating: "Unconscionability arises from the inequity of compelling payment for equipment that cannot be used without the right to interpose a defense or set-off. From the point of view of the user it makes little difference that he is labeled a buyer - or lessee. In either case the agreement is unconscionable if the user must pay for something he cannot use without the right to assert a meritorious defense or set-off.” (Supra, at 1086.) In Industralease Automated & Scientific Equip. Corp. v R. M. E. Enters. (58 AD2d 482, 489-490), the court stated:
"The test [of unconscionability], has been more sharply defined 'to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party’, and character *130 ized 'by a gross inequality of bargaining power’ (Williams v Walker-Thomas Furniture Co., 350 F2d 445, 449) * * *
"Although the statute prescribes that we are to determine unconscionability as of the time of the making of the contract (Uniform Commercial Code, § 2-302), we cannot divorce entirely the events which occur later. In this case, the evidence plainly establishes that the equipment did not work at ail, that it achieved none of the purposes of the parties. This is a result so 'one-sided’ * * * that the disclaimer in good conscience should not be enforced. In effect the equipment was worthless”.
Defendant was presented with a standard form contract and had no "meaningful choice”. Although the individual with whom he dealt made various representations and promises, the executed document was with a third party which disclaimed all warranties. Finally, the evidence establishes that the equipment did not work and could not be made to work. It was, in effect, worthless to defendant. Under these circumstances, the disclaimers were unconscionable, and defendant’s substantive defenses were properly raised and established.
Plaintiff further alleges that regardless of the actual utility of the machinery, the disclaimers should still be enforced since defendant could have sued the manufacturer for breach of implied warranties. Since a remedy is available, the clauses are not unconscionable.
This contention is not persuasive here. Section 2-719 (2) of the Uniform Commercial Code provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act.” Although the Code does not directly apply to contracts other than for the sale of goods, Justice Evans has observed that "In view of the great volume of commercial transactions which are entered into by the device of a lease, rather than a sale, it would be anomalous if this large body of commercial transactions were subject to different rules of law than other commercial transactions which tend to the identical economic result.” (Hertz Commercial Leasing Corp. v Transportation Credit Clearing House, 59 Misc 2d 226, 229, revd on other grounds 64 Misc 2d 910.)
In this case, it is evident that the remedy provided is illusory and has "failed in its essential purpose”. Defendant signed no agreement with the manufacturer, and there was no evidence presented of any express warranty booklet or certifi *131 cate. Any such cause of action would, therefore, be based on implied warranties. However, the law in New York is that "[t]here is no implied warranty of merchantability from a manufacturer to a remote purchaser not in privity with that manufacturer where only property damage, and not personal injury, is alleged”. (Pronti v DML of Elmira, 103 AD2d 916, 917.) Since it appears that no direct action could be maintained, the remedy provided by the contract is illusory, fails in its "essential purpose”, and is not a bar to raising substantive defenses in this action. Defendant has established his defenses, and the complaint must be dismissed.