■ COMMERCIAL LEASE FUNDING CORP., Respondent, v LENNY'S LITTLE NEW YORKER, INC., et al., Appellants. [613 NYS2d 512] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We agree with Supreme Court's conclusions that defendants were in default in their payments pursuant to a commercial lease, that plaintiff's late acceptance of lease payments in the past did not operate as a waiver of remedies available to plaintiff under the lease *(see, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446), and that the disclaimer of warranty provision is conspicuous *(see,* UCC 2-316; *cf., Nassau Suffolk White Trucks v Twin County Tr. Mix Corp.,* 62 AD2d 982). In our view, however, defendants presented evidence sufficient to entitle them to a hearing on the issue of unconscionability of the disclaimer of warranty provision in the commercial lease

*(see, Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829; *Tandy Computer Leasing v A.T.C. Control Serv.,* 139 Misc 2d 128; *cf., Master Lease Corp. v Manhattan Limousine,* 177 AD2d 85, 90, *lv dismissed* 80 NY2d 893). Consequently, the judgment is reversed and the matter remitted to Supreme Court to afford the parties "a reasonable opportunity to present evidence as to [the contract's] commercial setting, purpose and effect to aid the court in making the determination" concerning unconscionability (UCC 2-302 [2]). (Appeal from Judgment of Supreme Court, Nassau County, Segal, J.—Breach of Commercial Lease.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.