■ In the Matter of the Arbitration between JOSEPH D. CASTALDO et al., Respondents, and LLOYD D. HARRINGTON, Doing Business as HARR-WOOD NURSING HOME, Appellant. (Action No. 1.) LLOYD HARRINGTON, Doing Business as HARR-WOOD NURSING HOME, Appellant, v JOSEPH D. CASTALDO et al., Respondents. (Action No. 2.) (Appeal No. 1.) [633 NYS2d 94] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted the motions of the Castaldos for summary judgment dismissing the complaint in action No. 2, and for summary judgment on their complaint in action No. 4. Based upon the nonwaiver provision in the lease, to which the parties mutually assented, we reject the contention of Lloyd Harrington, doing business as Harr-Wood Nursing Home (Harrington), that the Castaldos waived their right

to declare a default by their acceptance of rent after serving their notice of termination *(see, Commercial Lease Funding Corp. v Lenny's Little New Yorker,* 204 AD2d 1080; *see also, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446; *cf., TSS-Seedman's, Inc. v Elota Realty Co.,* 72 NY2d 1024, *rearg denied* 73 NY2d 852).

We conclude, however, that the court erred in awarding a specific amount of attorneys' fees in action Nos. 1 and 2 without a hearing, in the face of sharply conflicting affidavits submitted by the parties on the amount of reasonable attorneys' fees *(see, Matter of Tripi v Faiello,* 195 AD2d 958, 958-959, *lv dismissed* 82 NY2d 803). We modify the order appealed from in action Nos. 1 and 2, therefore, by vacating the specific amount of attorneys' fees awarded, and we remit the matter to Supreme Court for a hearing to determine that amount. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.