■ Leonore Kallen, Appellant, v Jean T. Kasin et al., Respondents, et al., Defendants. [641 NYS2d 76] —In an action, inter alia, for a judgment declaring the rights of the parties pursuant to a commercial lease, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 24, 1995, as granted the branches of the defendants' motion which were for leave to amend the answer and for partial summary judgment to the extent of granting the respondents leave to amend the answer to assert a third affirmative defense and partial summary judgment on that defense.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branches of the defendants' motion which were for leave to amend the answer and for partial summary judgment are denied in their entirety.

The Supreme Court erred by granting the respondents leave to amend the answer to assert a third affirmative defense to the plaintiff's cause of action to recover damages for breach of a covenant of the lease. While permission to serve amended pleadings should be freely granted (CPLR 3025 [b]), a pleading that is totally devoid of merit should not be allowed (see, Krupp v Aetna Life & Cas. Co., 104 AD2d 857; Taylor v Taylor, 84 AD2d 947). Contrary to the respondents' contention, the plaintiff did not waive her right to hold the respondents in default by accepting the rent after serving a notice of termination of the lease since the parties mutually assented to the nonwaiver clause in the lease (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 446; Matter of Castaldo [Harrington], 212 AD2d 1004).

The respondents' contention that the Supreme Court erred by denying the branch of the defendants' motion which was to

amend the answer to add an affirmative defense that the plaintiff's notice of termination was defective cannot be considered on this appeal because the respondents have not cross-appealed (*see, Al-Ev Constr. Corp. v Ahern Maintenance & Supply Corp.,* 141 AD2d 591, 592-593; *Davis v Weg,* 104 AD2d 617, 620). Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.