■ BENNIES BUDDIES, INC., Appellant, v LAZARIAN SOCIETY FOR ANIMALS OF THE CONGREGATION BROTHERS OF SAINT LAZARUS, Respondent. [836 NYS2d 735]—

Rose, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered February 15, 2006 in Sullivan County, upon a decision of the court in favor of defendant.

Beginning in June 2004, plaintiff leased 15 acres of adjoining land from defendant in order to comply with a local ordinance imposing a minimum area requirement upon the use that plaintiff was making of its own premises. The lease agreement provided for the payment of rent on the first of each month, but a rider to the agreement gave plaintiff a 15-day grace period to make those payments. The rider also afforded plaintiff an option to purchase the leased property on or before the expiration of the term of the lease. Although plaintiff made numerous rent payments beyond the grace period, defendant accepted them until plaintiff attempted to pay the rent for March 2005, again beyond the grace period. Defendant rejected that payment. Defendant also rejected the payment tendered for April 2005 and treated the lease as having been rescinded by plaintiff's default. Despite this, plaintiff attempted to exercise the purchase option on April 17, 2005. When defendant rejected the offer to purchase, plaintiff commenced this action seeking, among other things, specific performance. After a nonjury trial, Supreme Court dismissed the complaint, finding that plaintiff had failed to make timely payment of rent, defendant had not waived the right to terminate the lease for late payment and plaintiff's breach terminated the purchase option as well as the leasehold before the purchase offer was made.

Plaintiff appeals, contending that the lease and purchase option did not terminate because, among other things, defendant waived its right to declare plaintiff in default by previously accepting payments beyond the grace period and defendant never gave notice of the termination. In view of the lease's nonwaiver clauses, however, and its express provision for termination without notice upon a payment default, we are unpersuaded.

When a lease is unambiguous, we look only to the language in the agreement to determine its meaning and the effect of a default by the tenant (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Contrary to plaintiff's contentions, the lease documents here clearly and unambiguously define what constitutes a default and provide that a default in payment will terminate the lease without any notice having to be given. In paragraph 30 (a), the rider expressly provides that the failure to pay rent for 15 days is a default and breach of the lease. It further states that "notwithstanding anything in this Lease to the contrary, no notice of any such default shall be required to be given by the Landlord." Most significantly, the last sentence of paragraph 31, which discusses giving notice of termination, states that "it is expressly acknowledged that

Landlord shall not be required to provide any such notice of termination if the default is in the payment of rent." Plaintiff now concedes that it failed to pay the March 2005 rent within the 15-day grace period and that such failure constituted a default in the payment of rent. Pursuant to the express terms of the rider, such default effectuated immediate termination of the lease without defendant having to give notice. As the purchase option was confined to the term of the lease, Supreme Court correctly concluded that the termination of the lease also terminated the option.

Nor is there any merit in plaintiff's alternate contention that defendant's prior acceptance of late payments of rent constituted a waiver of its rights upon a later default in the payment. In this regard, the lease unambiguously states in paragraph 32 of the rider that defendant's failure to enforce a term of the lease or rider following a breach would not waive its right to enforce that term for a subsequent breach. Thus, while defendant's prior acceptance of late payments may have waived those defaults, such acceptance did not constitute a waiver of plaintiff's subsequent default (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 447-448 [1984]; Commercial Lease Funding Corp. v Lenny's Little N.Y., 204 AD2d 1080, 1080 [1994]).

Finally, despite plaintiff's argument that it should have been granted an equitable remedy, such as estoppel of defendant's defense because it can only legally continue the special use of its own property if it also has use of defendant's property, equitable principles are inapplicable here. Plaintiff's hardship is the result of its choice of use and the requirements of the local ordinance rather than any misleading words or conduct of defendant (see e.g. Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107 [2006]). In any event, the parties' rights and obligations were governed by a clear and unequivocal agreement (cf. Anesthesia Group of Albany v State of New York, 309 AD2d 1130, 1132 [2003]; Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d 849, 852 [2003]).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.