Denning v Whittall (2022 NY Slip Op 01941)





Denning v Whittall


2022 NY Slip Op 01941


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1089 CA 21-00664

[*1]JENNIFER DENNING, PLAINTIFF-APPELLANT,
v
GARRETT WHITTALL, DEFENDANT-RESPONDENT. 






LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., BATH (DAVID KAGLE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered October 13, 2020. The order granted in part plaintiff's motion for, inter alia, a default judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by vacating the award of damages to plaintiff and the award of back rent to defendant and granting the motion insofar as it sought an inquest on the issue of damages, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Allegany County, for further proceedings in accordance with the following memorandum: Plaintiff tenant commenced this action against defendant landlord asserting causes of action for, inter alia, violations of Real Property Law §§ 223-b and 235-b, RPAPL 768 and Executive Law § 382. Plaintiff moved for, inter alia, a default judgment on liability and for an award of damages or, in the alternative, an inquest into the amount of damages. Supreme Court, inter alia, granted the motion in part, awarded plaintiff a default judgment on liability due to defendant's failure to answer the complaint and, without a hearing, awarded plaintiff damages for constructive eviction in an amount equal to 50 percent of the rent funds that were being held in escrow, and released the remaining rent funds from escrow to defendant as payment of back rent. We agree with plaintiff that the court erred in denying the motion insofar as plaintiff sought an inquest on damages for each of the causes of action asserted in the complaint (see generally Matter of Castaldo [Harrington] , 212 AD2d 1004, 1005 [4th Dept 1995]). We therefore modify the order by vacating the damages award to plaintiff and the award of back rent to defendant and granting the motion insofar as it sought an inquest on the issue of damages, and we remit the matter to Supreme Court for a determination of plaintiff's damages.
All concur except Carni, J., who is not participating.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court