█ FABULOUS STATIONERS, INC., Appellant, v. REGENCY JOINT VENTURE, Respondent.— Judgment, Supreme Court, New York County, entered January 4, 1974, dismissing the complaint and declaring that the defendant landlord did not unreasonably withhold consent to the assignment, sublease and reassignment of the lease, unanimously reversed, on the law, and vacated, with $60 costs and disbursements to abide the event, and defendant's motion to dismiss the complaint denied, with leave to defendant to serve an answer to the complaint within 20 days after service upon it by plaintiff of a copy of the order entered hereon, with notice of entry. The lease provided that the lessee of a stationery store in a building owned by the defendant could " assign or sublet this lease only with the written consent of the landlord, first had and obtained, which consent the landlord shall not unreasonably withhold ". The tenant made an arrangement which called for a sublease until such time as the last installment of the purchase price of the stationery store was paid, and thereafter the buyer would receive an assignment of the lease. It also provided for a reassignment to be deposited in escrow as a security device, to take effect upon the default of the purchaser. The landlord stated that there was no objection to an assignment *or* a sublease, but it did object to a combination. Whether the use of the word " or " in the lease prevents the combined arrangement proposed here by the lessee is doubtful. (See Legal Writing Simplified, Elliott L. Biskind [Clark Boardman, 1971], p. 116.) Further, uncertainty or ambiguity is resolved against the draftsman landlord. (*Rizzo* v. *Morrison Motors,* 29 A D 2d 912.) Under the circumstances here, summary judgment

was not warranted for the landlord on the question of whether consent was unreasonably withheld. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Lane, JJ.