OPINION OF THE COURT
Simons, J.
Defendant, Presbyterian Hospital in the City of New York, is the owner of property located at 507 West 166th *445 Street, New York City. In 1971, it leased the premises to plaintiff’s assignor for use as a public garage and a gasoline station. The lease was subsequently amended to extend the term to December 31, 1982, and to permit the tenant to renew for two additional five-year terms. A dispute arose in April, 1981, when plaintiff attempted to exercise its first renewal option. Defendant refused to agree to the renewal, notifying plaintiff that it was in default on the lease for failure to pay the April and May rent in 1981 and for repeatedly neglecting to pay rent and New York City taxes when due in the past. In accordance with the lease, it advised plaintiff that it had 15 days to cure these objections. The parties dispute whether it did so within the specified time, but concede that plaintiff did tender the April and May rent checks tardily and that defendant accepted them. On July 15, defendant served another notice to cure by July 31, 1981, alleging that plaintiff had violated the lease not only because of late payments of rent and taxes but that it had also sublet the premises without consent. On July 30,1981 plaintiff instituted this action and obtained a “Yellowstone” injunction tolling the cure period (see First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630; Podolsky v Hoffman, 82 AD2d 763). Thereafter defendant continued to accept plaintiff’s rent payments until December 31, 1982. Plaintiff tried again to exercise the options for the renewal terms in October, 1981 but its notifications were rejected by defendant and the underlying term expired at the end of 1982, during the pendency of this action. All that is at stake now is plaintiff’s right to renew. Plaintiff remains in possession contending that it validly exercised its option.
The issue is whether defendant’s acceptance of rent during the term with knowledge of plaintiff’s violations and without terminating the lease, assuming plaintiff had violated its terms, constituted a waiver of the violations as a matter of law and thus enabled plaintiff not only to remain in possession during the lease term but also to exercise the option to renew. Plaintiff contends that it did and that its actions were legally effective to “prolong” the lease for the renewal terms (see Atkin’s Waste Materials v May, 34 NY2d 422, 426; see, also, Gulf Oil Corp. v Buram *446 Realty Co., 11 NY2d 223; 1 Rasch, NY Landlord & Tenant [2d ed], § 334). It instituted this action seeking a declaration of its rights and moved for summary judgment. Special Term denied the motion but the Appellate Division, relying on Atkin’s Waste Materials v May (supra), reversed the order and granted plaintiff judgment.
There should be a reversal. On the record before us whether or not plaintiff violated the terms of the lease and, if so, whether it cured the violations in accordance with the 15-day requirement of the lease thereby enabling it to exercise its renewal option, are questions of fact. Defendant has not waived the violations, if such they were, and the Appellate Division erred in holding as a matter of law that it did.
A waiver is the voluntary abandonment or relinquishment of a known right. It is essentially a matter of intent which must be proved (Alsens Amer. Portland Cement Works v Degnon Contr. Co., 222 NY 34, 37; Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350; 22 NY Jur 2d, Contracts, § 330, p 212). While waiver may be inferred from the acceptance of rent in some circumstances, it may not be inferred, and certainly not as a matter of law, to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise. This lease contained a nonwaiver and merger clause which provided: “The receipt by Landlord of rent with knowledge of the breach of any covenant of this lease shall not be deemed a waiver of such breach and no provision of this lease shall be deemed to have been waived by Landlord unless such waiver be in writing signed by the Landlord.”
Its language is clear and unambiguous. The parties having mutually assented to its terms, the clause should be enforced to preclude a finding of waiver of the conditions precedent to renewal (see Matter of Wil-Low Cafeterias v 650 Madison Ave. Corp., 95 F2d 306, cert den 304 US 567; Brainerd Mfg. Co. v Dewey Garden Lanes, 78 AD2d 365, app dsmd 53 NY2d 701).
Nor should the intent to waive be inferred from acceptance of rent during the period of the “Yellowstone” injunction. The broad restraint of that order foreclosed defendant after July 30, 1981 from taking any steps to terminate the *447 lease and tolled the notice to cure. The order applied only during part of the period under consideration but plaintiff attempted to exercise the option for both renewal terms during that time and it would be patently inequitable to hold that defendant had waived its objections to them by accepting rent during the period when it was stayed indefinitely from terminating the lease and evicting plaintiff (see Boynton v Bassford, 188 Misc 188).
Our decision in Atkin’s Waste Materials v May (34 NY2d 422, supra) does not require a contrary holding. In that case the tenant leased land from the City of Rochester for use as a scrap processing yard and later executed a written lease which provided for options to renew conditioned upon faithful performance of the lease. The 1967 renewal of the lease was to expire on November 30, 1971, and the tenant attempted a further renewal by letter dated December 30, 1970. After failing to act for four months, the city rejected the renewal notice because of the tenant’s failure to faithfully and fully perform the covenants in the lease. During the period of the alleged default and until November, 1971, however, the city accepted rental payments. The tenant brought a declaratory judgment action, claiming that it was entitled to exercise the option to renew the lease. We held that the city had failed to give the tenant adequate notice of the complaints, thus denying it a reasonable opportunity to cure the default. Inasmuch as it had accepted rental payments with knowledge of the default and without attempting to terminate the lease in the method provided for by its terms, we held that the city had waived the default and that the tenant had properly exercised its option to renew. We further noted that the city not only had failed to demand that the tenant correct the violations, it apparently was responsible for them to some degree by delivering scrap and trash to plaintiff for burning in violation of local law.
Our decision applied the settled principle that acceptance of rent by a landlord from a tenant with knowledge of the tenant’s violation of the terms of the lease normally results in a waiver of the violation (see Woollard v Schaffer Stores Co., 272 NY 304, 312; Murray v Harway, 56 NY 337). The logic underlying this rule is plain enough: the *448 option rests with the landlord to recognize the violation and terminate the tenancy. If he chooses to ignore it and accepts rent with knowledge of the tenant’s violation then the acceptance evidences his waiver and an election to continue the relationship. Although the intent to waive is usually a question of fact, knowing acceptance of rent without any effort to terminate justifies an inference that the landlord has elected to hold the tenant to the lease. The primary reason for the rule is the inconsistency of the landlord’s positions. As one old English case put it, the landlord should not be permitted “to treat a man as a tenant, and then treat him as a trespasser” (Finch v Underwood, 2 Ch Div [1876] 310, 316). Undoubtedly, however, the courts have applied the rule also to prevent a forfeiture of the tenant’s estate.
Plaintiff contends that application of this principle entitled it not only to remain in possession but to renew the lease. The general rule is that if a tenant’s right to renew is conditional, as it is in this case, it cannot be exercised validly unless the tenant is in full compliance with the conditions (see McIntosh v Rector of St. Phillip’s Church, 120 NY 7; People’s Bank v Mitchell, 73 NY 406; cf. Vanguard Diversified v Review Co., 35 AD2d 102). Whether the landlord has waived performance of the condition is a question of fact (as was waiver of a violation permitting reentry, had the term not expired) but there is no necessary inconsistency in treating a party as a tenant by accepting the rent with knowledge of a violation of the lease, but in also refusing to extend the lease for a further term. The landlord may desire that the tenant complete the term but not wish to extend it for a variety of reasons. The refusal to extend results not in a forfeiture for the tenant but only in the loss of the privilege because the conditions precedent to enjoyment of the privilege have not been met. In the absence of some prejudice to the tenant, therefore, a waiver of the right to terminate the tenancy will not automatically result in a waiver of the conditions precedent to renewal.
In Atkin’s Waste Materials v May (supra), the city had knowledge of the tenant’s violations but had not promptly rejected the notice to renew or demanded correction of *449 them. Thus we found that the city had waived performance of the conditions upon which the option rested. This case is significantly different because defendant promptly rejected plaintiff’s attempt to renew and served it with a notice to cure defaults as the lease provided it should. If the plaintiff was in fact in default and if it failed to cure within the 15-day period allowed, then its notice was ineffective to exercise its option to renew because it had failed to faithfully perform necessary conditions precedent. Defendant’s acceptance of rent thereafter without re-entry was not necessarily inconsistent with its rejection of the renewal and did not waive plaintiff’s default (see Borden Min. Co. v Hitchins Coal Co., 163 Md 250; see, also, Hindquarter Corp. v Property Dev. Corp., 95 Wn 2d 809; Reno Realty & Inv. Co. v Hornstein, 72 Nev 219; Gadsden Bowling Center v Frank, 249 Ala 435; cf. Perry v Waddelow, 145 F Supp 349 [an unconditional option]). The rent was due whether plaintiff met the conditions precedent to renewal or not.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, New York County, denying plaintiff’s motion for summary judgment reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order reversed, etc.