■ MARK GOLDMAN, Respondent, v BEEKMAN HILL HOUSE

APARTMENT et al., Appellants.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered November 21, 1985, which denied plaintiff's motion and defendants' cross motion for summary judgment, unanimously reversed, to the extent appealed from, on the law, with costs, the cross motion granted and the complaint dismissed.

On February 20, 1985, a cooperative conversion plan was accepted for filing by the Attorney-General for premises located at 425 East 51st Street, New York City. The initial offering plan listed certain apartments as vacant, including apartment 10A, and established an offering price of $239,580, based upon a price per share of $435.60 for 595 shares. The plan precluded any price increases for tenants who subscribed during the exclusive 90-day period but contained no similar provision for nontenants. There was an amendment to the offering plan on May 16, 1985, also filed with the Attorney-General, which increased the cash payment required of nontenant purchasers to $660 per share, effective immediately. As a result, the offering price for apartment 10A was increased to $392,700.

In setting forth the procedure to be followed by nontenants, the plan required that they execute subscription agreements in triplicate and submit them with a check for 10% of the cash payment required for the apartment. Within 20 days thereafter, the sponsor was required to accept or reject the subscription and, if no action was taken, the agreement was deemed rejected and the deposit was to be refunded within an additional 10 days. The subscription agreement further provided that it would not be binding until accepted by the sponsor and the apartment corporation, evidenced by their indorsement thereon and an executed copy delivered to the subscriber.

On May 31, 1985, plaintiff, who was not a tenant or resident, submitted subscription agreements and a real property tax questionnaire, together with a check in the sum of $25,918.20, representing 10% of the initial offering price for apartment 10A. On June 12, 1985, the sponsor rejected plaintiff's subscription on three grounds, namely, that he had not sought a copy of the prospectus and amendments thereto; the $25,918.20 check was substantially less than the 10% required for nontenant purchasers; and the questionnaire did not include plaintiff's residence as was required. Although the letter stated that plaintiff's deposit was enclosed, inadvertently, the check was not included but was subsequently returned to

plaintiff on July 16, 1985, eight days after this action was commenced.

While we find the papers on the cross motion deficient since there was no affidavit by a person with requisite knowledge of the facts, the moving papers and the documentary proof in the record clearly establish that plaintiff is not entitled to specific performance. Plaintiff, who was not a tenant, was not protected against any price increase during the exclusive 90-day period. Plainly, his offer was under the initial offering plan, not the amendment, which increased the offering price to $392,700. As a result, the check which was submitted was insufficient since it was less than the 10% deposit required under the amendment to the plan. Furthermore, the sponsor and the apartment corporation did not accept and indorse their acceptance on the subscription agreement, which were necessary conditions to the effectiveness of the subscription. Also, the agreement was never signed by the sponsor or the corporation and plaintiff's offer was expressly rejected and, consequently, there was no contract upon which the present action could be based (cf. Weisner v 791 Park Ave. Corp., 6 NY2d 426, 434).

Similarly lacking in merit is plaintiff's contention that defendants should be estopped because they failed to return the check when they rejected his offer. It appears that this was only an inadvertent error, which was corrected shortly thereafter when defendants learned of the mistake. Clearly, plaintiff did not act in reliance nor did he change his position to his detriment and estoppel does not create rights which otherwise do not exist (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443, 448). Concur—Murphy, P. J., Kupferman, Ross, Kassal and Rosenberger, JJ.