**HOMSTEAD ENTERPRISES**

v.

**JOHNSON PRODUCTS, INC.**

Supreme Judicial Court of Maine.

Argued March 14, 1988.
Decided April 26, 1988.

P. Andrew Hamilton, Malcolm E. Morrell, Jr. (orally), Eaton, Peabody, Bradford & Veague, Bangor, for plaintiff.

Andrew M. Mead (orally), Mitchell & Stearns, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, Homstead Enterprises (Homstead), appeals the decision of the Superior Court, Penobscot County, affirming the judgment of the District Court (Newport) for the defendant, Johnson Products, Inc. (Johnson), on Homstead's complaint for forcible entry and detainer. 14 M.R.

S.A. §§ 6001–6016 (1980 & Supp.1987). The District Court held that Johnson Products, Homstead's commercial tenant, was legally occupying the premises under an extension of the original lease agreement with Homstead and that the remedy of forcible entry and detainer was thus not available to Homstead. We agree with Homstead's contention that the court erred as a matter of law in interpreting the rights and duties of the parties under the lease agreement and vacate the judgment of the Superior Court.

Pursuant to a fifteen year lease dated June 30, 1971, Johnson Products occupied commercial property located in Dexter owned by Homstead Enterprises. The lease provides that the premises be used "only for the sale of automotive fuel and automotive additives." The District Court found that Johnson had been selling other items on the premises "since nearly the beginning of the term of the lease,.... [until] near mid-December 1986," despite the oral objection of Homstead in August, 1986.

On September 30, 1986 Johnson notified Homstead of its intent to extend the lease for an additional fifteen year term on the expiration of the original term on December 31.[1] Homstead refused to recognize Johnson's attempt to exercise the extension option, citing Johnson's sale of non-automotive products as a default under the lease that made Johnson ineligible to exercise the option.

In its forcible entry and detainer complaint, Homstead alleged that Johnson has been a tenant at will since January 1, 1987 and unlawfully refused to leave the premises pursuant to Homstead's February 18, 1987 notice to quit the premises by April 1. The District Court held that Johnson's occupancy of the premises after December 31, 1986 was pursuant to a valid lease and that the summary action of forcible entry and detainer was unavailable to Homstead.

The Superior Court affirmed the judgment for Johnson, and Homstead appeals.

■ When, as here, the Superior Court acts as an intermediate appellate tribunal, we directly review the judgment of the District Court to determine whether that decision contains any error of law that affects the validity of the judgment. *Town of Ogunquit v. Brazer,* 489 A.2d 505, 506 (Me.1985); *Bigney v. Blanchard,* 430 A.2d 839, 843 (Me.1981).

The District Court concluded that because the lease extension did not take effect until the original lease expired Johnson need be free from default only at the date of the expiration of the original term, here December 31, 1986. The court found that since Johnson had discontinued the sale of non-automotive products in mid-December, it was not in default under the terms of the lease on December 31. Accordingly, the court found that Johnson had properly exercised its option to extend the lease agreement.

■ We hold that the District Court erred as a matter of law in its determination that the date of the expiration of the original term marked the point at which Johnson must be free from default in order effectively to renew the lease agreement pursuant to its terms. The lease agreement expressly provides that, *"Provided that Lessee is not in default hereunder,* Lessee shall have the option to extend this lease.... Lessee shall exercise [this] right ... at least ninety (90) days prior to the expiration of the original term." (Emphasis added). We hold this express language of the lease to require the lessee to be free from default at the time it exercises its option to renew the lease agreement. *See Derman Rug Co., Inc. v. Ruderman,* 4 Mass.App. 437, 350 N.E.2d 727, 730 (1976) (court held that identical lease provision required freedom from default at time of renewal notice). *See also Hillhaven, Inc.*

---

1. The lease provides, in relevant part

    Provided that Lessee is not in default hereunder, Lessee shall have the option to extend this lease for an additional period of fifteen (15) years....

    ....

Lessee shall exercise the right granted under this section by giving Lessor written notice of Lessee's election to exercise its option at least ninety (90) days prior to the expiration of the original term.

*v. Care One, Inc.,* 620 S.W.2d 788, 791–92 (Tex.Civ.App.1981, writ ref'd., n.r.e.).

Whether Johnson properly extended the lease thus turns on whether Johnson was in default of the terms of the lease when it gave notice on September 30, 1986 of its intent to extend the lease. The District Court found that although Johnson was selling non-automotive products in violation of the lease until mid-December 1986, Homstead, by its failure to give Johnson written notice of its default prior to September 30, had waived its right to enforce the lease provision prohibiting such sales prior to that date and thus could not now claim that Johnson was in default on that date.

■ The lease provides that Homstead can terminate the lease in the event of Johnson's default, if the default is not cured within thirty days after Homstead provides written notice of the default.[2] Homstead objected orally to the sale of non-automotive products in August, but did not provide written notice of default to Johnson until October 24. Accordingly, until October 24, 1986, Homstead by the terms of the lease agreement waived its right to terminate the lease by reason of Johnson's sale of non-automotive products. *See Restatement (Second) of Property* § 13.1, comment f, illustration 6 (1977). Under the terms of the lease agreement between the parties, Homstead's obligation to give written notice to Johnson of Johnson's default prior to Homstead's exercise of its right to terminate the original lease is distinct from the obligation of Johnson to be free of default as a prerequisite to its right to exercise its option to renew the lease. *See Hindquarter Corp. v. Property Development Corp.,* 95 Wash.2d 809, 812, 631 P.2d 923, 925 (1981) (citing *Skillman v. Lynch,* 74 S.D. 212, 50 N.W.2d 641 (1951); *Gadsden Bowling Center, Inc. v. Frank,* 249 Ala. 435, 31 So.2d 648 (1947); *Borden Mining Co. v. H. & W.A. Hitchens Coal Co.,* 163 Md. 250, 161 A. 181 (1932). *See also Jefpaul Garage Corp. v. Presby-*

*terian Hospital,* 61 N.Y.2d 442, 448, 462 N.E.2d 1176, 1179, 474 N.Y.S.2d 458, 461 (1984). Thus, the failure of Homstead to seek termination of the lease for the breach by Johnson of a covenant in the lease does not constitute a waiver by Homstead of Johnson's obligation to be free of default of any covenant as a prerequisite to the effective exercise of its option to renew. *Jefpaul Garage,* 61 N.Y.2d at 448, 462 N.E.2d at 1179, 474 N.Y.S.2d at 461; *Hindquarter Corp.,* 95 Wash.2d at 812, 631 P.2d at 925; *Reno Realty and Investment Co. v. Hornstein,* 72 Nev. 219, 224–27, 301 P.2d 1051, 1054–55 (1956); *Skillman,* 74 S.D. at 215–16, 50 N.W.2d at 643; *Gadsden Bowling,* 249 Ala. at 439, 31 So.2d at 651; 3 G. Thompson, *Real Property* § 1124 at 439 (1980 Replacement). *Cf. Ferslew v. Relaford,* 351 So.2d 368, 369 (Fla.App.1977) (per curiam) (landlord did not complain of defaults before tenants gave notice to renew and thus waived strict performance of lease); Annot., "Right to Exercise Option to Renew or Extend Lease as Affected by Tenant's Breach of Other Covenants or Conditions," 23 A.L.R.4th 908, 920–22 (1983).

■ Because Johnson was in violation of the lease on September 30 when it gave notice of its intent to extend the lease, Homstead properly claimed that Johnson's attempt to exercise the option to extend the lease was ineffective and that after December 31, 1986, Johnson became a tenant at will. As a tenant at will, Johnson was obliged to vacate the premises on April 1, 1987 pursuant to the notice to quit caused to be served on it by Homstead. *See* 14 M.R.S.A. § 6002 (Supp.1987) ("Tenancies at will must be terminated by either party by 30 days' notice....") When Johnson remained on the premises beyond that period, Homstead properly sought a writ of possession by means of a forcible entry and detainer complaint. *Id.* Accordingly, we vacate the judgment and remand for issuance of a writ of possession to Homstead.

---

**2.** The lease provides in pertinent part:

Lessor may terminate this lease in the event of any default by Lessee ... in the performance of any other covenant or agreement on Lessee's part to be performed hereunder, which default has not been cured within thirty (30) days after written notice to Lessee.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment vacating the judgment of the District Court and remanding to the District Court for the issuance of a writ of possession to Homstead Enterprises.