■ KOCHUMATEN A. BABU et al., Respondents, v JACK AND

GEORGE MURDICH, INC., et al., Appellants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered March 5, 1987, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs entered into a contract with the defendant Jack and George Murdich, Inc. (hereinafter Murdich) for the purchase of certain real property. The contract called for the purchase price of $210,000, with $10,000 to be paid upon the execution of the contract and the balance due at closing. The contract was expressly subject to an existing lease to the defendant Garben Tavern, Inc. (hereinafter Garben Tavern) which contained a right of first refusal purchase option. Under the option clause contained in the lease, the right of first refusal could be exercised "if [Garben Tavern] is not in default in the payment of any rent". Moreover, upon the receipt of an acceptable offer Murdich was required to "advise [Garben Tavern] in writing of the terms of such acceptable offer * * * by registered mail with a return receipt". Garben Tavern was also required to notify Murdich by registered mail with a return receipt if it "elects to meet the terms of such acceptable offer".

Murdich notified Garben Tavern of the plaintiffs' offer by regular mail and Garben Tavern exercised its right to meet the terms of the offer, also by regular mail. The plaintiffs refused to accept the return of their $10,000 down payment and thereafter commenced the instant action, alleging that the exercise of the purchase option was ineffective since Garben Tavern was in default in the payment of rent when the offer to it was made and because both defendants failed to use registered mail. The court denied the defendants' motion for summary judgment upon its finding that questions of fact exist concerning the plaintiffs standing to maintain the present action. We disagree.

We conclude that since the plaintiffs were neither parties to nor intended beneficiaries of the lease, they may not use it to enforce their contract rights *(see, Salm v Sammito,* 111 AD2d 844, 845, *affd* 66 NY2d 661; *see also, Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769; *Flemington Natl. Bank & Trust Co. v̄ Domler Leasing Corp.,* 65 AD2d 29, *affd* 48

NY2d 678). In any event, the plaintiffs' unsubstantiated allegation that Garben Tavern was three months in arrears in rent was directly controverted by the defendant Jack Murdich's sworn statement to the effect that Garben Tavern had complied with the terms and conditions of its option to purchase. Moreover, the defendants' failure to comply with the registered mail requirement was inconsequential inasmuch as that requirement, which was inserted solely for the benefit of the defendants, was not a condition precedent to Garben Tavern's exercise of its right of first refusal (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.