■ In the Matter of PAULSEN REAL ESTATE CORP., Appellant, v ROBERT GRAMMICK, Respondent. [663 NYS2d 660] —In a holdover proceeding to recover possession of certain premises, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, entered April 12, 1996, which, *inter alia*, (1) reversed a judgment of the District Court of the County of Nassau, First District (Phelan, J.), entered April 3, 1995, which, after a nonjury trial (Driscoll, J.), granted the petition and awarded it possession of the premises, and (2) dismissed the petition.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, and the judgment of the District Court is reinstated.

The respondent Robert Grammick occupies an apartment in a building owned by the petitioner pursuant to a written lease which prohibits pets. The lease also contains a nonwaiver clause which specifically provides that the petitioner's acceptance of rent with knowledge of any violation of the lease does not constitute a waiver of such violation, and that a violation can be waived only by written agreement.

The petitioner commenced this holdover proceeding when Grammick failed to cure his violation of the no-pet clause. After trial, the District Court awarded possession of the premises to the petitioner. The Appellate Term reversed, concluding that the petitioner had waived the violation by accepting rent with knowledge that Grammick owned a dog. We reverse.

While under certain circumstances a waiver may be inferred from the acceptance of rent, the Appellate Term erred in finding a waiver in this case where the parties had expressly agreed otherwise (*see, Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442, 446; *Pollack v Green Constr. Corp.*, 40 AD2d 996, 997, *affd* 32 NY2d 720; *Luna Park Hous. Corp. v Besser*, 38 AD2d 713, 714).

Grammick's remaining contention is unpreserved for appellate review (*see, Green Point Sav. Bank v Oppenheim*, 217 AD2d 571, 572). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.