■ THRUWAY CENTER ASSOCIATES, L.P., Appellant, v AM Associates, Respondent. (And Other Actions.) [772 NYS2d 524]—

In an action, inter alia, to recover damages for breach of a commercial lease and for a declaration that the lease expired, the plaintiff Thruway Center Associates, L.P. appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated October 17, 2002, which, after a hearing, denied its motion for a judgment declaring that the lease with the defendant AM Associates expired.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the lease between the plaintiff Thruway Center Associates, L.P., and the defendant AM Associates expired.

Pursuant to a commercial lease between the plaintiff landlord, Thruway Center Associates, L.P. (hereinafter the landlord), and the defendant tenant, AM Associates (hereinafter the tenant), the tenant had the option, conditioned upon not being in default, to renew the term of the lease by written notification. The lease also provided that none of its provisions could be deemed waived unless by express waiver, in writing, signed by the landlord.

The tenant failed to exercise the renewal option by timely notification to the landlord (see J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 397 [1977]; Matter of Temple Emanu-El of Boro Park v Attorney-General of State of N.Y., 240 AD2d 752 [1997]; Dan's Supreme Supermarkets v Redmont Realty Co., 216 AD2d 512 [1995]). In any event, exercise of the renewal option was precluded by the tenant's admitted failure to pay the monthly rent for several years preceding the end of the term.

A letter from the landlord's attorney proposing a schedule of rent repayment which, by its terms, extended into the renewal period, did not constitute a waiver of the requirement that the tenant exercise the option to renew by timely written notice (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442 [1984]; Bono v Cucinella, 298 AD2d 483 [2002]; Paulsen Real Estate Corp. v Grammick, 244 AD2d 340 [1997]; Siegel v Kentucky Fried Chicken of Long Is., 108 AD2d 218

[1985], *affd* 67 NY2d 792 [1986]). Santucci, J.P., S. Miller, Goldstein and Rivera, JJ., concur.