■ 5 EAST 41 CHECK CASHING CORP., Appellant, v PARK & FIFTH OWNER, LLC, Respondent, et al., Defendant. [843 NYS2d 573]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered May 4, 2007, which, upon renewal, adhered to a prior order denying plaintiff tenant's motion for a preliminary injunction and denying defendant landlord Park & Fifth Owner's cross motion for summary judgment dismissing the complaint as moot, unanimously modified, on the law, to declare that plaintiff has not timely complied with the written notice of renewal provisions of the lease as amended, and otherwise affirmed, without costs.

Plaintiff failed to timely exercise a renewal option from its lease with defendant's predecessor, defendant Tommy Hilfiger 485 Fifth. When the present landlord rejected plaintiff's belated attempt to exercise the option, plaintiff sought a declaratory judgment, inter alia, that it had effectively exercised its option to renew for an additional five-year period.

The notice exercising the option was ineffective because it was not given within the specified period (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396 [1977]). An equitable interest may be recognized and protected against forfeiture where the tenant has in good faith made substantial improvements to the premises with intent to renew the lease, the landlord is not harmed by the delay in notice, and the tenant would sustain substantial loss if the lease were not renewed. Plaintiff failed to set forth sufficient evidence of any such improvements made with intent to renew the lease (*see Soho Dev. Corp. v Dean & DeLuca*, 131 AD2d 385, 386 [1987]). To the contrary, there is record evidence that the tenant made no improvements that would otherwise invoke equitable relief (*see e.g. 95 E. Main St. Serv. Sta. v H & D All Type Auto Repair,*

162 AD2d 440, 441 [1990]). Plaintiff has thus shown no equitable interest that would warrant protection against forfeiture.

Defendant landlord demonstrated prejudice by producing evidence that it had hired an architect to construct an interior staircase on the premises, such plans having been drawn during the period when plaintiff could have exercised its option to renew until when it belatedly attempted to exercise the option. We modify solely to declare in the landlord's favor (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.