■ KLAUS KUNZE, Appellant, v ARITO, INC., Respondent. [851 NYS2d 182]—

Amended judgment, Supreme Court, New York County (Mary H. Smith, J.), entered June 14, 2007, to the extent appealed from as limited by the briefs, dismissing both causes of action in the complaint, unanimously affirmed, with costs. Appeal from judgment, same court and Justice, entered March 2, 2007, unanimously dismissed, without costs, as superseded by the appeal from the later amended judgment.

The parties entered into a one-year lease in 2003 that included an option to renew for an additional year, and an option to purchase the property. Paragraph 50 stated: "If the tenant exercises the right to either renew the lease or purchase the apartment, the tenant must do so prior to sixty days of the expiration of the lease." The court found this language limited the purchase option to the first term of the lease, and not any

renewal period, as plaintiff could exercise *either* the option to renew the lease *or* the option to purchase. However, the use of this "either/or" language could just as reasonably be interpreted as applying the time limit to both terms, while recognizing the fact that the renewal and purchase options could not be exercised simultaneously (*see e.g. Fabulous Stationers v Regency Joint Venture*, 44 AD2d 547 [1974] [lease permitting assignment "or" sublease, rather than assignment "and" sublease, was insufficient to conclude that it did not permit a sublease followed by an assignment]). In other words, either the renewal option or the purchase option must be exercised more than 60 days before expiration of the lease, but the actual expiration of the lease would depend on whether or not the renewal option is exercised. "Where the original lease includes an option to renew, the exercise of it by the tenant does not create a new lease; rather it is a prolongation of the original agreement for a further period. Once the option is exercised, the original lease is deemed a unitary one for the extended term and a new lease is not necessary" (*Dime Sav. Bank of N.Y. v Montague St. Realty Assoc.*, 90 NY2d 539, 543 [1997]). Therefore, if plaintiff properly exercised his right to renew the lease, the purchase option would still be viable because the lease would have a new expiration date, and the time in which to exercise the purchase option would thus be extended until 60 days before expiration of the renewed term (*see Masset v Ruh*, 235 NY 462 [1923]).

Even though plaintiff did not timely exercise either option, he seeks this Court's equity jurisdiction to approve his belated request for renewal. However, it is "a settled principle of law that a notice exercising an option is ineffective if it is not given within the time specified" (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396 [1977]). Such an equitable interest may be recognized and protected against forfeiture "where the tenant has in good faith made substantial improvements to the premises with intent to renew the lease, the landlord is not harmed by the delay in notice, and the tenant would sustain substantial loss if the lease were not renewed" (*5 E. 41 Check Cashing Corp. v Park & Fifth Owner, LLC*, 44 AD3d 373, 373 [2007]). It may even be recognized where there is no indication of such improvements having been made (*Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452 [1971]). However, we do not find that plaintiff's position warrants the exercise of equity here.

As plaintiff concedes, he has made no improvements to the premises. He was not a long-term tenant, but had rented the condominium for only one year before missing the deadline for

exercising his renewal option. Moreover, plaintiff has since moved out of the condominium due to business that requires his presence in Europe, which supports defendant's contention that following plaintiff's failure to renew, he indicated he would probably not be able to stay another full year, and the parties continued on a month-to-month basis. Plaintiff now seeks to enforce the renewal option to enable him to exercise the purchase option, thus gaining a windfall from the greatly increased value of the property. This is not the type of loss to a tenant that equity envisions.

Defendant did not waive objection to the untimely renewal by accepting rent; the lease expressly provided that acceptance of rent is not a waiver of the landlord's rights (see *Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]; *Thruway Ctr. Assoc. v AM Assoc.*, 5 AD3d 376 [2004]). Nor may defendant be estopped from objecting to the untimeliness of the exercise of the renewal option by its failure to respond to plaintiff's attempt to renew after expiration of the option period. Again, an untimely exercise of an option is ineffective (*J. N. A. Realty*, 42 NY2d at 396). Plaintiff, a sophisticated businessman, did not reasonably rely on defendant's silence to conclude that his belated attempt to renew was valid, nor did he change his position to his detriment (see *Goldman v Beekman Hill House Apt.*, 121 AD2d 908, 910 [1986]).

Because plaintiff did not effectively renew the lease, his option to purchase the premises expired when he failed to exercise it within 60 days of expiration of the original term. Concur— Lippman, P.J., Tom, Buckley and Gonzalez, JJ.