Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 9, 2007, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Eenimon Corp. and WSC Riverside Owners LLC for summary judgment dismissing the complaint as against them, and upon a search of the record, granted supimary judgment dismissing the complaint as against defendant 190 Riverside Drive, LLC, unanimously modified, on the law, to declare that defendants were not in default of the offering plan as amended, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 8, 2007, which denied plaintiffs cross motion for summary judgment as moot, unanimously dismissed, without costs, as abandoned.
The motion court properly determined that plaintiff tenant did not timely exercise the exclusive right to purchase his apartment under the August 1999 offering plan, and that plaintiffs “acceptance” to purchase submitted in June 2004 was materially defective in that it failed to comport with the offering plan’s acceptance requirements of an executed purchase agreement accompanied by a 10% down payment. Furthermore, under the clear terms of the offering plan, a submitted acceptance was to be deemed rejected if it was not expressly accepted within 30 days. Plaintiffs argument that defendants waived their rights under the offering plan is not supported by any evidence that *338 would indicate an intentional waiver of a known right (see generally Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y, 61 NY2d 442, 446 [1984]).
We modify solely to declare in defendants’ favor (Lanza v Wagner, 11 NY2d 317 [1962], cert denied 371 US 901 [1962]).
We have considered plaintiffs remaining contentions, including that there was a breach of good faith and fair dealing, and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Buckley and DeGrasse, JJ.