601 West Realty, LLC, Petitioner-Landlord-Appellant, 570688/16 - 
against
Mao Chu Zheng d/b/a Brother Fish Market, 17-047 Respondent-Tenant- Cross-Appellant, - and - "XYZ Corp.," "John Doe" & "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Paul A. Goetz, J.), dated January 4, 2016, which denied its cross-motion for summary judgment of possession in a holdover summary proceeding. Tenant, as limited by his briefs, appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Anthony Cannataro, J.), entered April 15, 2016, after a nonjury trial, which awarded landlord possession and a recovery of rent arrears in the principal sum of $11,875.00, and (2) so much of an order (same court and Judge), entered September 29, 2016, which denied his motion to vacate the prior order and judgment.




Per Curiam.
Final judgment (Anthony Cannataro, J.) entered April 15, 2016, and order (Anthony Cannataro, J.) entered September 29, 2016, affirmed, with one bill of $25 costs. Appeal from order (Paul A. Goetz, J.), dated January 4, 2016, dismissed, without costs, as subsumed in the appeal from the final judgment, and as academic.
A fair interpretation of the evidence supports the trial court's finding that tenant failed to exercise the option to renew the subject commercial lease (see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392 [1977]) and that "no attempt to renew was made at all" (see generally McVey v Simone, 73 AD2d 959 [1980]). Nor did tenant demonstrate any equitable interest that would warrant protection against forfeiture (see 5 E.41 Check Cashing Corp. v Park & Fifth Owner, LLC., 44 AD3d 373 [2007]; Soho Dev. Corp. v Dean & DeLuca, 131 AD2d 385 [1987]). We also find no evidentiary error warranting reversal.
Contrary to tenant's assertion, the misstatement in the petition concerning the subject [*2]address - 3847 Broadway instead of 3845 Broadway - did not rise to the level of a jurisdictional defect and in this instance was amendable (see 190 Riverside Dr. v Nosei, 185 Misc 2d 696 [App Term, 1st Dept 2000]; Jackson v New York City Hous. Auth., 88 Misc 2d 121 [1976]). The petition included an alternative address that was admittedly correct and the obvious typographical error could not have materially misled or confused the tenant or hindered the preparation of his defense (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 145 [2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2017