■ SUNOCE PROPERTIES, INC., Appellant, v BALLY TOTAL FITNESS OF GREATER NEW YORK, INC., Respondent. [48 NYS3d 476]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 16, 2014, which granted the defendant's motion for summary judgment dismissing the cause of action alleging breach of contract.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the cause of action alleging breach of contract is denied.

In 1975, the plaintiff, as landlord, and the defendant, as tenant, entered into a commercial lease for premises located in

Rockville Centre. The plaintiff contends that, pursuant to the written lease entered into by the parties in 1975 (and extended seven times), the defendant had an obligation to keep and maintain the premises in good order, condition, and repair, and that the defendant breached that obligation.

The defendant moved for summary judgment dismissing the cause of action alleging breach of contract, contending that the plaintiff waived its right to assert a cause of action alleging breach of the lease because the plaintiff was alerted to the ongoing water damage at the property beginning in 1977 and had nevertheless accepted rent and extended the lease seven times with full knowledge of the facts it alleged constituted the breach. The plaintiff opposed the motion, contending that the defendant's waiver argument should be rejected because the lease itself contained a nonwaiver provision, thereby precluding the defendant from arguing that the plaintiff waived its rights. In the order appealed from, the Supreme Court granted the defendant's motion, finding that the plaintiff waived its claim against the defendant to recover damages for the property damage. The plaintiff appeals, and we reverse.

"A waiver is the voluntary abandonment or relinquishment of a known right" (*Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]). A known right may not be waived except when there is an intention to do so (*see id.* at 446). "While waiver may be inferred from the acceptance of rent in some circumstances, it may not be inferred, and certainly not as a matter of law, to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise" (*id.*). "Since the very essence of a waiver is the intentional relinquishment of a known right, a waiver cannot be created via negligence, oversight, or thoughtlessness" (*Matter of Georgetown Unsold Shares, LLC v Ledet*, 130 AD3d 99, 105 [2015]; *see Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y.*, 89 AD3d 819, 825 [2011]; *Golfo v Kycia Assoc., Inc.*, 45 AD3d 531, 532 [2007]; *Peck v Peck*, 232 AD2d 540 [1996]).

Here, as the party seeking summary judgment, the defendant had the burden of establishing its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). By submitting a copy of the 1975 lease and the seven extensions thereof in support of its motion, the defendant failed to establish, prima facie, that the plaintiff waived its right to assert a breach of contract cause of action for the property damage to the premises. The presence of a

nonwaiver provision in the lease, which stated in relevant part that "[t]he failure of the Landlord to insist upon a strict performance of any of the terms, conditions and covenants herein, shall not be deemed a waiver of any rights or remedies that the Landlord may have, and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained," itself raised a triable issue of fact as to whether the plaintiff waived its right to assert its breach of contract cause of action (*see Renali Realty Group 3 v Robbins MBW Corp.*, 259 AD2d 682, 683 [1999]; *see also 80 Varick St. Group, L.P. v MacPherson*, 102 AD3d 405 [2013]; *Ring v Printmaking Workshop, Inc.*, 70 AD3d 480 [2010]; *Ahmed v C.D. Kobsons, Inc.*, 67 AD3d 467 [2009]; *International Plaza Assoc., L.P. v Lacher*, 63 AD3d 527 [2009]; *Kunze v Arito, Inc.*, 48 AD3d 272 [2008]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the cause of action alleging breach of contract. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.