State of New York v Ronney (2018 NY Slip Op 05389)





State of New York v Ronney


2018 NY Slip Op 05389


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

525858

[*1]STATE OF NEW YORK, Respondent,
v
DEBORAH NORRY RONNEY, Also Known as DEBORAH N. RONNEN, et al., Defendants, and DR HOLDINGS LLC, Appellant.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Knauf Shaw LLP, Rochester (Alan J. Knauf of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered January 30, 2017 in Albany County, which, among other things, denied a cross motion by defendant DR Holdings LLC for partial summary judgment.
In October 2014, plaintiff commenced this action pursuant to Navigation Law article 12 alleging that defendants — as purported owners of a major oil storage facility on
certain real property in the Town of Tonawanda, Erie County — were strictly liable for petroleum cleanup and removal costs in the amount of $590,194.66, the total amount expended by the New York Environmental Protection and Spill Compensation Fund (hereinafter the Spill Fund) and the Department of Environmental Conservation's American Recovery and Reinvestment Act Leaking Underground Storage Tank Fund (hereinafter the Leaking Underground Storage Tank Fund) to remediate the alleged petroleum discharges at the facility. As alleged by plaintiff, $369,002.66 of the total remediation costs were paid with funds from the Spill Fund, while $221,192 came from the Leaking Underground Storage Tank Fund. Defendant DR Holdings LLC (hereinafter defendant) and defendant Deborah Norry Ronnen joined issue and asserted [*2]cross claims against defendant Riverview Industrial Center, Inc., who ultimately defaulted [FN1]. Following discovery, plaintiff moved for a protective order suppressing certain inadvertently disclosed information. Defendant opposed the motion and cross-moved for partial summary judgment, arguing that plaintiff was not entitled to recover the $221,192 expended by the Leaking Underground Storage Tank Fund because, having received those funds by federal grant, any such award would constitute a double recovery. Supreme Court, as relevant here, denied defendant's cross motion, prompting this appeal.
The Navigation Law prohibits the discharge of petroleum and requires a discharger to immediately notify the Department of Environmental Conservation (hereinafter DEC) of the discharge and "undertake to contain such discharge" (Navigation Law § 176 [1]; see Navigation Law §§ 173 [1]; 175). Where a petroleum discharge has occurred, DEC may retain agents and contractors to clean up and remove the contamination (see Navigation Law § 176 [1], [2] [a]), with the cost of such cleanup efforts to be initially paid with money from the Spill Fund (see Navigation Law § 180 [5]) and/or the Leaking Underground Storage Tank Fund, which contains federal appropriations earmarked for remediating petroleum discharges (see Pub L No 111-5, 123 US Stat 115, 169; 42 USC § 6991b [h] [2]). The owner or operator of a major oil storage facility that discharges petroleum is "strictly liable, without regard to fault, subject to [certain defenses], for all cleanup and removal costs and all direct and indirect damages paid by the [Spill F]und" (Navigation Law § 181 [3] [a]). Plaintiff is required to seek recovery of "[c]osts incurred by the [Spill F]und in the cleanup and removal of a discharge when the [discharger] has failed to promptly clean up and remove the discharge to the satisfaction of [DEC]" (Navigation Law § 187 [1]). Plaintiff is also required to seek recovery of remediation costs incurred by the Leaking Underground Storage Tank Fund (see 42 USC § 6991b [h] [6]; US Envtl Protection Agency Directive No. 9610.10a at 1-2, 5).
By commencing this action, plaintiff fulfilled its obligation to seek recovery of the $221,192 provided by the Leaking Underground Storage Tank Fund to pay for the costs associated with cleaning and removing the alleged petroleum discharges on defendant's alleged property (see 42 USC § 6991b [h] [6]; US Envtl Protection Agency Directive No. 9610.10a at 1-2, 5). Although it is true that plaintiff received the $221,192 by federal grant, defendant provides no support whatsoever for its illogical assertion that plaintiff's recoupment of those funds would amount to a double recovery and, thus, plaintiff's unjust enrichment. Rather, recovery of the disputed funds would make plaintiff whole for the costs incurred in remediating the petroleum contamination and replenish the Leaking Underground Storage Tank Fund so that the recovered funds could be used to pay for other remediation work. Such replenishment is consistent with the purpose of Navigation Law article 12, which seeks "to ensure a clean environment and healthy economy for the state" (Navigation Law § 171). Additionally, as Supreme Court aptly observed, an order precluding plaintiff from recouping the Leaking Underground Storage Tank Fund expenditures simply because they were federally funded would result in the unjust enrichment of defendant — an alleged discharger of petroleum. Indeed, the result sought by defendant would grant a windfall to petroleum dischargers by providing petroleum cleanup and removal at a reduced rate. Contrary to defendant's contention, equitable principles do not support such a result (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; Kunze v Arito, Inc., 48 AD3d 272, 273-274 [2008]; Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 72 [1990]). Moreover, a determination barring plaintiff from seeking to hold defendant strictly liable for the disputed expenditures would thwart the plain language of Navigation Law § 181, as well as the express purposes of Navigation Law article 12 (see [*3]Navigation Law § 171) and the American Recovery and Reinvestment Act of 2009 (see Pub L No 111-5, 123 US Stat 115, 115-116).
Nor is plaintiff's recovery of the disputed funds barred by Navigation Law § 193, which provides that "no person who receives compensation for damages or cleanup and removal costs pursuant to any other state or federal law shall be permitted to receive compensation for the same damages or cleanup and removal costs under [Navigation Law article 12]." Although it is undisputed that plaintiff received the $221,192 by federal appropriation, such appropriation cannot be reasonably interpreted as "compensation for damages or cleanup and removal costs," as contemplated by Navigation Law § 193 (see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; Matter of Soriano v Elia, 155 AD3d 1496, 1498 [2017], lv denied ___ NY3d ___ [June 27, 2018]). Rather, the federal funds received by plaintiff under the American Recovery and Reinvestment Act of 2009 and then deposited into the Leaking Underground Storage Tank Fund merely provide plaintiff with the financial means to carry out its remedial obligations under Navigation Law article 12.
We further find defendant's Drinkwater doctrine argument to be wholly without merit (see Applehead Pictures LLC v Perelman, 80 AD3d 181, 191 [2010]). Defendant's remaining arguments, to the extent not expressly addressed herein, have been examined and found to be similarly lacking in merit. Accordingly, because defendant failed to make a prima facie showing of entitlement to partial summary judgment reducing the amount of plaintiff's claimed damages, Supreme Court properly denied defendant's cross motion.
Devine, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: A default judgment was subsequently entered against Riverview.