Union St. Houses, LLC v Levinson (2025 NY Slip Op 50498(U))

[*1]

Union St. Houses, LLC v Levinson

2025 NY Slip Op 50498(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2023-95 K C

Union Street Houses, LLC, Respondent,
against
Moshe Levinson and Shulamith Levinson, Appellants. 

Gibson, Dunn & Crutcher, LLP (Vanessa Ajagu, Christopher Joralemon and Maxwell Potluri of counsel), for appellants.
Rose & Rose (James E. Bayley of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Jeannine B. Kuzniewski, J.), entered January 10, 2023. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding predicated on tenants' breach of a lease agreement by maintaining a washer and dryer in their apartment, tenants asserted two affirmative defenses: (1) that landlord had waived its right to object to their washer and dryer, and (2) that they were entitled to have a washer and dryer in their apartment as a reasonable accommodation for their minor son's disability. At a nonjury trial, the applicable lease agreement and building rules and regulations prohibiting washers and dryers in individual apartments were admitted into evidence during the testimony of landlord's site manager. It was undisputed that, in 2014, landlord purchased the apartment complex where tenants' individual unit is located, and that every lease agreement tenants executed with landlord prohibited the installation of washers and dryers in tenants' apartment. Landlord presented evidence that tenants were sent two letters, in 2017 and 2019, directing them to remove the washer and dryer, or landlord would seek to evict them. Tenants testified that they had maintained a washer and dryer in both their prior unit within the subject apartment complex, from the time their tenancy commenced in 1999, and in their current [*2]unit to which they moved in 2012. They alleged that the previous landlord had never objected to the washer and dryer, but admitted that the current landlord disconnected the machines in 2016. Tenants subsequently reconnected the machines. Tenants claimed that they did not remove the machines after receiving landlord's notices because their minor son's disability necessitated that they wash his clothing right away after he soiled it, and the building's laundry facilities were inadequate for their purposes. 
Following the trial, the Civil Court (Jeannine B. Kuzniewski, J.) awarded landlord possession, finding that landlord had not waived its right to object to the appliances, and that an in-unit washer and dryer was not a reasonable accommodation under the Fair Housing Act (FHA) (42 USC § 3601 et seq.). In accordance with the provisions of the decision after trial and the final judgment entered January 10, 2023, the warrant of eviction was stayed for 30 days pursuant to RPAPL 753 (4) and would be permanently stayed provided tenants removed the washer and dryer within the 30-day cure period. Tenants represent that the machines were removed in January 2023. Tenants and landlord entered into a stipulation providing that the warrant would be permanently stayed upon landlord's confirmation of the removal of the machines. On appeal, tenants argue that they established both of their defenses at trial, and that the Civil Court erred in only assessing their reasonable accommodation defense under the FHA, and not under the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-107).
Upon a review of the record, we find that the evidence presented at trial established neither a waiver of landlord's right to object to the appliances nor tenants' entitlement to maintain a washer and dryer in their apartment as a reasonable accommodation for their son's disability under the FHA or the NYCHRL.
It is well settled that "[w]aiver is the voluntary abandonment or relinquishment of a known right" (Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69 [2003]; see Jefpaul Garage Corp. v Presbyterian Hosp. in City of NY, 61 NY2d 442, 446 [1984]). "Since the very essence of a waiver is the intentional relinquishment of a known right, a waiver cannot be created via negligence, oversight, or thoughtlessness" (Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 105 [2015]; see Sunoce Props, Inc. v Bally Total Fitness of Greater NY, Inc., 148 AD3d 751, 752 [2017]). Tenants did not demonstrate that the prior landlord waived the right to object to the appliances, because they did not present any testimony or documentary evidence that their lease agreements with the prior landlord prohibited washers and dryers. With respect to the current landlord, it was undisputed that landlord purchased the subject building in 2014, disconnected the machines in 2016, and subsequently sent tenants notices in 2017 and 2019 ordering them to remove the appliances. Under the circumstances, there was insufficient evidence to establish that landlord " intentional[ly] relinquish[ed] . . . a known right" (Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d at 105).
We find that the Civil Court did not err in its determination that tenants were not entitled to an in-unit washer and dryer as a reasonable accommodation under the FHA since tenants failed to establish that the "requested accommodation" was "likely necessary" to afford their minor son "an equal opportunity to use and enjoy the dwelling" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 61 [2019]), given the absence of medical evidence establishing the necessity of the appliances (see e.g. Starrett City v Granthan, 2 Misc 3d 132[A], 2004 NY Slip Op 50121[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; cf. Hollandale [*3]Apts. & Health Club, LLC v Bonesteel, 173 AD3d at 66). Further, tenants did not establish that an in-unit washer and dryer was a required accommodation under the NYCHRL, as there was a lack of medical evidence presented regarding the nature and symptoms of tenants' minor son's disability that would demonstrate that the washer and dryer would "ameliorate at least to some extent a need created by a disability" (Phillips v City of New York, 66 AD3d 170, 182 n 12 [2009]; see Matter of Commn. on Human Rights ex rel. Carol T. and Cinnamon T., 2015 WL 1431880, *7, 8 [NYC Office of Admin. Trials & Hearings Index No. 2399/14, Mar. 13, 2015]). Thus, tenants did not establish that the accommodation would enable tenants' minor son to "use or enjoy" the subject apartment (Matter of Mutual Apts., Inc. v New York City Commn. on Human Rights, 203 AD3d 1154, 1157 [2022]). 
Accordingly, the final judgment is affirmed. 
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025